NORTHCUTT, Judge.
The circuit court revoked David Ingold’s probation based on its finding that Ingold evinced “a general lack of concern and general lack of compliance with the terms of his probation.” The court did not reduce that finding to writing, nor did it make any other oral or written finding that Ingold had violated a specific condition of his probation. We reverse because the court’s finding did not rise to the level required to justify the revocation of In-gold’s probation.
Probation may be revoked only if the probationer has willfully and substantially violated a specific condition of his probation. See Fields v. State, 737 So.2d 1156 (Fla. 2d DCA 1999); Hightower v. State, 529 So.2d 726, 727 (Fla. 2d DCA 1988). Here, the evidence of Ingold’s technical violations reflected a less-than-assiduous attention to some of his probation obligations. But we agree with the circuit court’s apparent conclusion that the evidence did not warrant a finding that In-gold had willfully and substantially violated a specific condition.
Reversed.
WHATLEY, A.C.J., and SALCINES, J., Concur.