746 So.2d 495 (1999)
STATE of Florida, Appellant,
v.
Dean A. TOWNSEND, Appellee.
No. 99-00275.
District Court of Appeal of Florida, Second District.
November 17, 1999.
*496 Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellant.
Clinton A. Curtis and Kristen M. Buzzanca of Peterson & Myers, P.A., Winter Haven, for Appellee.
PER CURIAM.
Dean A. Townsend was charged by information with DUI manslaughter in violation of section 316.193(3)(c)3, Florida Statutes (1995); vehicular homicide in violation of section 782.071, Florida Statutes (1995); and two counts of DUI with serious bodily injury in violation of section 316.193(3)(c)2. The State appeals an interlocutory order that granted in part Townsend's motion in limine. We treat this appeal as a petition for writ of certiorari. See, e.g., State v. Pettis, 520 So.2d 250 (Fla.1988) (holding that certiorari is proper for review of order denying motion in limine); State v. Sawyer, 561 So.2d 278 (Fla. 2d DCA 1990) (reviewing by certiorari order granting defendant's motion in limine). For the following reasons, we grant the petition in part, deny it in part, and certify a question to the Florida Supreme Court.
In his motion in limine, Townsend alleged that rule 11D-8.012, Florida Administrative Code, failed to sufficiently provide for the proper collection, storage and transportation of blood samples taken pursuant to the implied consent law in sections 316.1932-.1934. Townsend argued that because of the rule's inadequacies, it did not offer the necessary standards to ensure the scientific reliability of the blood-alcohol test results. In the order under review, the trial court held that the administrative rule was inadequate and that the State would have to lay a traditional predicate for the admission of the blood-alcohol test results pursuant to Robertson v. State, 604 So.2d 783 (Fla.1992) (requiring proof that test was reliable, performed by qualified operator with proper equipment, and expert testimony as to test's meaning). The trial court further held that the State would not be entitled to have the jury instructed on the presumptions of impairment set forth in section 316.1934(2).
In State v. Miles, 732 So.2d 350 (Fla. 1st DCA 1999), the First District decided the issue presented in this case by affirming a trial court decision that found the rule inadequate to protect the due process rights of persons charged with DUI. As to the jury instruction, however, the First District held that the State would be entitled to the legislatively created presumptions of impairment once it laid the traditional *497 predicate for the admission of the blood-alcohol test results. We agree with the First District and adopt the holding of Miles. Accordingly, we deny in part the State's petition for certiorari by upholding the trial court's decision to require a Robertson predicate for the admission of the blood-alcohol test results in Townsend's trial. We grant the petition in part so that the State may receive the jury instructions regarding the statutory presumptions of impairment if it successfully introduces the evidence of test results. We join with the First District in certifying the following question to the Florida Supreme Court as one of great public importance:
WHERE THE STATE LAYS THE THREE-PRONGED PREDICATE FOR THE ADMISSIBILITY OF BLOOD-ALCOHOL TEST RESULTS IN ACCORDANCE WITH THE ANALYSIS SET FORTH IN ROBERTSON V. STATE, 604 So.2d 783 (Fla.1992), THEREBY ESTABLISHING THE SCIENTIFIC RELIABILITY OF THE BLOOD-ALCOHOL TEST RESULTS, IS THE STATE ENTITLED TO THE LEGISLATIVELY CREATED PRESUMPTIONS OF IMPAIRMENT?
See Miles, 732 So.2d at 353.
Petition granted in part, denied in part; question certified.
THREADGILL, A.C.J., and CASANUEVA, J., Concur.
BLUE, J., Concurs with opinion.
BLUE, Judge, Concurring.
I concur entirely in the decision to affirm the trial court's finding that the rule is inadequate. Based on the evidence before the trial court, it is evident the Department's rule is deficient. I am less sure about reversing the trial court's ruling that the State would not receive jury instructions on the statutory presumptions arising from the implied consent law. My reading of Robertson leads me to believe that when blood test results are admitted outside the provisions of the implied consent law, the presumptions are not available to the State. I concur in the result reached by the majority and the First District in Miles for two reasons. First, the issue that concerns me has been certified to the supreme court in both cases. Second, assuming the State can have the blood test results admitted into evidence through expert testimony, which is the way this type of evidence was admitted for years, the jury will be instructed that a blood-alcohol level which exceeds 0.08 is an element of DUI. See § 316.193, Fla. Stat. (1995). See also Robertson, 604 So.2d at 792 n. 14. This instruction is available to the State regardless of the presumption instruction. I would also note that the presumption instruction, which the State seeks and which this court and Miles have concluded are available, appears to benefit the defendant as much as the State. The instruction allows the jury to consider factors other than the blood-alcohol level in determining whether the driver was under the influence. See Fla. Std. Jury Instr. (Crim.) 1297. For these reasons, I concur.