BLUE, Acting Chief Judge.
Adam Frank Searles appeals his convictions and sentences for three counts of DUI manslaughter, two counts of DUI with damage to a person, one count of DUI with serious bodily injury, and one count of DUI with damage to property. He raises several issues on appeal concerning his trial and sentencing. Because we are reversing on one issue, as explained below, we do not reach the other issues on appeal.
Searles argues that the trial court erred in denying his motions in li-mine to exclude the blood-alcohol test results. Searles contends that rule 11D-8.012, Florida Administrative Code, fails to sufficiently provide for the proper collection, storage and transportation of blood samples taken pursuant to the implied consent law. In State v. Townsend, 746 So.2d 495, (Fla. 2d DCA 1999), this court adopted the holding of the First District’s opinion in State v. Miles, 732 So.2d 350 (Fla. 1st DCA 1999), and held that the rule was inadequate. Accordingly, on this issue, we reverse Searles’ convictions and remand for a new trial. We point out that this case factually demonstrates some of the deficiencies in the rule because the law enforcement officer took possession of the blood sample for a weekend, left it unrefrigerated, then delivered it to the lab for testing on Monday. In the new trial, the State may again introduce the blood-alcohol test results if it meets the three-prong predicate for admission of such evidence. See Robertson v. State, 604 So.2d 783 (Fla.1992) (requiring proof that test was reliable, performed by qualified operator with proper equipment, and expert testimony as to test’s meaning). If such evidence is admitted, the State shall be entitled to the jury instructions regarding the statutory presumptions of impairment found in section 316.1934(2), Florida Statutes (1993). See Townsend. See also Miles.
As we did in Townsend, and as the First District did in Miles, we certify the following question to the Florida Supreme Court as one of great public importance:
WHERE THE STATE LAYS THE THREE-PRONGED PREDICATE FOR THE ADMISSIBILITY OF BLOOD-ALCOHOL TEST RESULTS IN ACCORDANCE WITH THE ANALYSIS SET FORTH IN ROBERTSON V. STATE, 604 So.2d 783 (Fla.1992), THEREBY ESTABLISHING THE SCIENTIFIC RELIABILITY OF THE BLOOD-ALCOHOL TEST RESULTS, IS THE STATE ENTITLED TO THE LEGISLATIVELY CREATED PRESUMPTIONS OF IMPAIRMENT?
See Miles, 732 So.2d at 353.
Reversed and remanded for new trial; question certified.
FULMER and DAVIS, JJ., Concur.