711 So.2d 624 (1998)
Rocco TRICARICO, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-1694, 97-4392.
District Court of Appeal of Florida, Fourth District.
May 27, 1998.
*625 Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, Judge.
Defendant was tried in 1992 on a charge of first degree murder committed in 1981. The state attempted to prove, alternatively, both premeditated murder and felony murder. The underlying felony was alleged to be attempted trafficking in cocaine, and the state adduced some evidence of an attempt to traffic in cocaine. The case was submitted to the jury upon a general verdict form which merely found defendant guilty of first degree murder without specifying whether the verdict was based on premeditation or on felony murder. No issue was raised on appeal as to the propriety of submitting felony murder to the jury predicated on attempted trafficking, and we affirmed.
In this post conviction relief proceeding, defendant argues that he received ineffective assistance of counsel in both the trial and appellate courts because of the failure to argue that attempted trafficking was not a predicate crime for felony murder in 1981. He filed a rule 3.850 motion raising the contention to show ineffective assistance of counsel, but the trial court denied relief under the rule. Defendant appeals that denial. We have consolidated the appeal with his newly filed petition for habeas corpus for ineffective assistance of appellate counsel raising the same contention. For the reasons that follow, we reverse the order, grant the petition for habeas corpus, and remand with instructions to give defendant a new trial.
The state conceded below that the felony murder theory was invalid because at the time of the crime, attempted trafficking in cocaine was not a specified felony in the first degree murder statute. See § 782.04(1)(a), Fla. Stat. (1981). Attempted trafficking was added to the felony murder statute, however, in 1992. See § 782.04(1)(a), Fla. Stat. (Supp.1992). The state further acknowledges that in Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), the Court held that a conviction under a general verdict is improper when it rests on multiple bases, one of which is legally inadequate. A reviewing court cannot then be certain which of the grounds was relied upon by the jury in reaching the verdict. The Court stated:
"In these circumstances we think the proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected."
354 U.S. at 312, 77 S.Ct. at 1073; see also Mills v. Maryland, 486 U.S. 367, 376, 108 S.Ct. 1860, 1866, 100 L.Ed.2d 384 (1988) ("With respect to findings of guilt on criminal charges, the Court consistently has followed the rule that the jury's verdict must be set aside if it could be supported on one ground but not on another, and the reviewing court was uncertain which of the two grounds was relied upon by the jury in reaching a verdict.").
More recently in Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), the Court clarified that the Yates rule did not apply when the alternative ground was legally proper but failed because of insufficient evidence. As Justice Scalia explained in Griffin:

"Jurors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to lawwhether, for example, the action in question is protected by the Constitution, is time barred, or fails to come within the statutory definition of the crime. When, therefore, jurors have been left the option of relying upon a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error. Quite the opposite is true, however, when they have been left the option of relying upon a factually inadequate theory, since jurors are well-equipped to analyze the evidence. As the Seventh Circuit has put it: `It is one thing to negate a verdict that, while supported *626 by the evidence, may have been based upon an erroneous view of the law; it is another to do so merely on the chance remote, it seems to us, that the jury convicted on a ground that was not supported by adequate evidence when there existed alternative grounds for which the evidence was sufficient.'" [e.s., c.o.]
502 U.S. at 59-60, 112 S.Ct. at 474. These holdings have been applied by our own supreme court in Jordan v. State, 694 So.2d 708 (Fla.1997) and Mungin v. State, 689 So.2d 1026 (Fla.1995), cert. denied, ___ U.S. ___, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997).
In denying relief in the present case, the trial court concluded that the error associated with the felony murder theory was harmless because the state's alternative theory of premeditation was supported by ample evidence. That holding does not address, however, the Yates concern regarding the alternative theory of felony murder and eliminate the possibility that the jury convicted on a legally improper theory.
The state also contends that the charging document alleged that defendant "with premeditated design, murdered the decedent with a firearm," and that the jury's general verdict found defendant guilty "as charged in the indictment." The argument here is that this represents a jury finding of premeditation rather than felony murder. This contention does not, of course, solve the problem. In this instance the crime charged can be proved, and the jury is so instructed, on either felony murder or premeditated murder. Knight v. State, 338 So.2d 201 (Fla. 1976). It is utterly clear that in this case the state vigorously sought a conviction on both theories. During closing argument the state argued as follows:
"Now the alternative theory of felony murder in the underlying crime is that the defendant was attempting to traffic in cocaine, and that means that he was trying to purchase or possess a quantity of cocaine in excess of 28 grams worth of cocaine. And clearly you have here over a kilo worth of cocaine. So it's well in excess of 28 grams.... So the point is that while committing a felony of drug trafficking a person was killed. So even if you believed that there wasn't sufficient evidence of premeditation, it's still first degree murder just like that. And a robber who goes into the clerk at the 7-11 he's holding up the clerk at the 7-11 for some reason something happens and he ends up killing a guy, didn't have the intent to kill him when he went in there but the intent was to commit a felony of robbery and he kills him."
The state maintained that it did not concede the lack of premeditation, but was deliberately not putting "all of its eggs in one basket." Defense counsel did not respond to these theories directly, but rather argued that the state simply had not met its burden of proof. The trial judge specifically instructed the jury that under the crime charged, defendant could be found guilty under either theory. He also instructed about the elements of the crime of attempted trafficking and that attempted trafficking was the underlying felony for the felony murder alternative in this case.
To determine whether there is a risk that the jury relied on the legally improper felony murder theory, we are guided by the cases regarding the nonexistent crime of attempted felony murder. Although in this instance there was a crime of felony murder, that crime could not be predicated on attempted trafficking in cocaine. Hence we treat the felony murder crime used in this case as legally inadequate, like a nonexistent crime.
In Valentine v. State, 688 So.2d 313 (Fla. 1996), cert. denied, ___ U.S. ___, 118 S.Ct. 95, 139 L.Ed.2d 51, 66 USLW 3256 (1997), the supreme court held that a defendant's conviction for attempted first-degree murder would be reversed because the jury may have relied on a legally unsupportable theory. The court explained:
"Valentine next argues that his conviction for attempted first-degree murder is error. We agree. The jury was instructed on two possible theories on this count, attempted first degree felony murder and attempted first degree premeditated murder, and the verdict fails to state on which ground the jury relied. After Valentine was sentenced, this Court held that the crime of attempted first degree felony *627 murder does not exist in Florida. Because the jury may have relied on this legally unsupportable theory, the conviction for attempted first-degree murder must be reversed. See Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991)." [e.s., c.o.]
688 So.2d at 317. The supreme court did not consider whether or how strongly the evidence supported the premeditated murder theory in an attempt to find harmless error. As in the present case the jury was instructed on two possible theories, the verdict failed to state on which ground the jury relied, and the alternative crime did not exist.
In Spencer v. State, 693 So.2d 1001 (Fla. 4th DCA), rev. denied, 698 So.2d 1225 (Fla. 1997), we reversed a murder conviction on a general verdict because the jury was instructed on both attempted first degree, felony murder and premeditated murder, and both theories were argued to the jury. We refused to forgive the error under a harmless error analysis, explaining:
"The state maintains that any error was harmless because the evidence supported a conviction for attempted first-degree premeditated murder. However, because the jury was instructed on both attempted first-degree felony murder and attempted first-degree premeditated murder and both theories were argued to the jury, it is not possible to determine with any certainty upon which of the two theories the jury relied in convicting appellant of attempted first-degree murder. Accordingly, the fact that the jury was instructed on attempted first-degree felony murder cannot be considered harmless error." [e.s.]
693 So.2d at 1002.
Overwhelming evidence of premeditated murder does not, as we have suggested, eliminate the doubt as to which of the two theories the jury rested its decision. The state's failure to address the critical question whether there is a risk that the jury convicted appellant of a nonexistent offense is revealing on this record. We take the absence of such argument to be a conscious concession that there is no way for us to know that the jury rejected felony murder and instead found only premeditation. Under Yates the constitutional remedy is clear: defendant is entitled to a new trial.
GUNTHER and WARNER, JJ., concur.