STRINGER, Judge.
The State challenges an order granting, in part, Robert Sandt’s motion in limine *137 and motion to suppress blood-alcohol test results in this DUI case. Sandt moved to suppress the results of two blood-alcohol tests, arguing that the administrative rules governing sample collection, storage and analysis are inadequate to ensure rehable results. See Fla. Adm.Code Rules 11D-8.011-.014 (1997). In granting Sandt’s motion, the trial court ruled that the State would not be allowed to rely upon the statutory presumption of impairment provided by section 316.1934, Florida Statutes (1997), but could admit Sandt’s test results at trial upon establishing the traditional scientific predicate described in State v. Bender, 382 So.2d 697 (Fla.1980). Sandt’s trial was stayed pending resolution of this appeal. We treat the State’s notice of appeal as a petition for writ of certiorari pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(A), and grant the petition in part. See also Richardson v. State, 706 So.2d 1349, 1357 (Fla.1998) (noting that State may seek review of pretrial evidentiary ruling via petition for certiorari).
In State v. Townsend, 746 So.2d 495 (Fla. 2d DCA 1999), this court adopted the First District’s reasoning on this issue set forth in State v. Miles, 732 So.2d 350 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999). In Miles the First District held that the administrative rules are inadequate to ensure preservation of blood samples and could possibly lead to inaccurate results. The Miles court held, as we do here, that in light of the rules’ deficiencies, the State would be entitled to the statutory presumption only after laying “the three-prong predicate described in Bender.” Id. at 353. Accordingly, on remand the jury in the present case should be instructed regarding the statutory presumption of impairment if the State lays the necessary predicate.
We also certify the following question as one of great public importance:
WHERE THE STATE LAYS THE THREE-PRONGED PREDICATE FOR THE ADMISSIBILITY OF BLOOD-ALCOHOL TEST RESULTS IN ACCORDANCE WITH THE ANALYSIS SET FORTH IN ROBERTSON V. STATE, 604 So.2d 783 (Fla.1992), THEREBY ESTABLISHING THE SCIENTIFIC RELIABILITY OF THE BLOOD-ALCOHOL TEST RESULTS, IS THE STATE ENTITLED TO THE LEGISLATIVELY CREATED PRESUMPTIONS OF IMPAIRMENT?
Petition for Certiorari granted in part, denied in part; question certified.
PATTERSON, C.J., and ALTENBERND, J„ Concur.