774 So.2d 693 (2000)
Dean A. TOWNSEND, Petitioner,
v.
STATE of Florida, Respondent.
No. SC99-28.
Supreme Court of Florida.
December 7, 2000.
Clinton A. Curtis and Kristen M. Buzzanca of Peterson & Myers, P.A., Winter Haven, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Susan D. Dunlevy, Assistant Attorney General, Tampa, Florida, for Respondent.
PER CURIAM.
We have for review a decision on the following question certified to be of great public importance:
WHERE THE STATE LAYS THE THREE-PRONGED PREDICATE FOR ADMISSIBILITY OF BLOOD-ALCOHOL TEST RESULTS IN ACCORDANCE WITH THE ANALYSIS SET FORTH IN ROBERTSON V. STATE, 604 So.2d 783 (Fla.1992), THEREBY ESTABLISHING THE SCIENTIFIC RELIABILITY OF THE BLOOD-ALCOHOL TEST RESULTS, IS THE STATE ENTITLED TO THE LEGISLATIVELY CREATED PRESUMPTIONS OF IMPAIRMENT?
State v. Townsend, 746 So.2d 495, 497 (Fla. 2d DCA 1999). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We recently answered this question in State v. Miles, 775 So.2d 950 (Fla.2000), wherein we held (1) the absence of appropriate standards with respect to the maintenance of blood samples drawn pursuant to the implied consent law renders rule 11D-8.012, Florida Administrative Code, inadequate and (2) the statutory presumptions of impairment are not applicable where the mandate for quality assurance under the implied consent statutory scheme is not enforced. Accordingly, we quash the decision of the Second District in part, approve it in part, and remand for proceedings consistent with our decision in Miles.
It is so ordered.
*694 SHAW, HARDING, ANSTEAD, PARIENTE and QUINCE, JJ., concur.
WELLS, C.J., and LEWIS, J., dissent.