PER CURIAM.
We have for review a decision on the following question certified to be of great public importance:
WHERE THE STATE LAYS THE THREE-PRONGED PREDICATE FOR ADMISSIBILITY OF BLOOD-ALCOHOL TEST RESULTS IN ACCORDANCE WITH THE ANALYSIS SET FORTH IN ROBERTSON V *693 STATE, 604 So.2d 783 (Fla.1992), THEREBY ESTABLISHING THE SCIENTIFIC RELIABILITY OF THE BLOOD-ALCOHOL TEST RESULTS, IS THE STATE ENTITLED TO THE LEGISLATIVELY CREATED PRESUMPTIONS OF IMPAIRMENT?
State v. Sandt, 751 So.2d 136, 137 (Fla. 2d DCA 2000). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We recently answered this question in State v. Miles, 775 So.2d 950 (Fla.2000), wherein we held (1) the absence of appropriate standards with respect to the maintenance of blood samples drawn pursuant to the implied consent law renders rule 11D-8.012, Florida Administrative Code, inadequate and (2) the statutory presumptions of impairment are not applicable where the mandate for quality assurance under the implied consent statutory scheme is not enforced. Accordingly, we quash the decision of the Second District in part, approve it in part, and remand for proceedings consistent with our decision in Miles.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE and QUINCE, JJ„ concur.
WELLS, C.J., and LEWIS, J., dissent.