PER CURIAM.
We have for review McBride v. State, 774 So.2d 698 (Fla. 2d DCA 2000), in which the Second District affirmed petitioner’s conviction with a citation to its opinion in State v. Townsend, 746 So.2d 495 (Fla. 2d DCA 1999). We have jurisdiction. Art. V., § 3(b)(4), Fla. Const.; see also Jollie v. State, 405 So.2d 418 (Fla.1981).
In State v. Miles, 775 So.2d 950 (Fla.2000), and Townsend v. State, 774 So.2d 693 (Fla.2000), we were presented with the following question certified to be of great public importance:
WHERE THE STATE LAYS THE THREE-PRONGED PREDICATE FOR ADMISSIBILITY OF BLOOD ALCOHOL TEST RESULTS IN ACCORDANCE WITH THE ANALYSIS SET FORTH IN ROBERTSON V. STATE, 604 So.2d 783 (Fla.1992), THEREBY ESTABLISHING THE SCIENTIFIC RELIABILITY OF THE BLOOD-ALCOHOL TEST RESULTS, IS THE STATE ENTITLED TO THE LEGISLATIVELY CREATED PRESUMPTIONS OF IMPAIRMENT?
We answered the question in the negative by holding (1) the absence of appropriate standards with respect to the maintenance of blood samples drawn pursuant to the implied consent law renders rule 11D-8.012, Florida Administrative Code, inadequate and (2) the statutory presumptions of impairment are not applicable where the mandate for quality assurance under the implied consent statutory scheme is not enforced. See Miles, 775 So.2d at 956-57; Townsend, 774 So.2d at 693.
We quash the decision below only to the extent it is inconsistent with Miles and Townsend, and remand the case to the Second District for proceedings consistent with Miles and Townsend.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE and QUINCE, JJ., concur.
LEWIS, J., dissents.