790 So.2d 590 (2001)
Vernon HEMBREE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1531.
District Court of Appeal of Florida, Fifth District.
August 3, 2001.
*591 Flem K. Whited, III, of Whited, Fuller & Miller, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Hembree appeals from his convictions and sentences for DUI/manslaughter[1] and two counts of DUI causing injury.[2] This case arose out of an automobile accident on April 18, 1999, in which Hembree was involved as a driver. One person was killed and two others were injured. We reverse for a new trial.
Over defense objection, the trial court instructed the jury on the statutory presumptions of impairment in section 316.1934(2), the implied consent law. See §§ 316.1932-316.1934, Fla. Stat. The state never attempted to introduce the blood alcohol test results by showing compliance with the FDLE rules dealing with blood testing. Rather the state relied on meeting the Bender[3] three prong common law predicate. The trial court admitted the evidence on that basis.
However, after the trial in this case, the Florida Supreme Court held that the state is not entitled to the statutory presumptions under these circumstances. It ruled that the statutory presumptions are specifically contingent on the state establishing compliance with the mandate for quality assurance of the implied consent law. State v. Miles, 775 So.2d 950 (Fla. 2000); Townsend v. State, 774 So.2d 693 (Fla.2000); State v. Sandt, 774 So.2d 692 (Fla.2000). The Bender or common law predicate for admission of blood test results will not, standing alone, support the giving of the statutory presumptions in the implied consent law.
The state tacitly concedes error. The error in this case, giving the instructions based on the implied consent law presumptions and arguing their impact to the jury was clearly prejudicial, and it was clearly preserved.
REVERSED and REMANDED for new trial
PLEUS and ORFINGER, R.B., JJ., concur.
NOTES
[1] § 316.193(3)(a)(b)(c)(3), Fla. Stat.
[2] § 316.193(1) and (2)(a), Fla. Stat.
[3] State v. Bender, 382 So.2d 697 (Fla.1980). See also Robertson v. State, 604 So.2d 783 (Fla.1992).