801 So.2d 975 (2001)
Jack v. BASS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3044.
District Court of Appeal of Florida, Fifth District.
December 7, 2001.
Marcia J. Silvers of Dunlap & Silvers, P.A., Miami, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Jack V. Bass was convicted of driving under the influence of alcohol and thereby causing a death, a violation of sections 316.193(1), and 316.193(3)(a)(b)(c)3., Florida Statutes (1999). As part of its case against Bass, the state relied on the blood alcohol test results of a blood draw administered on Bass pursuant to the state's implied consent law. See §§ 316.1932-316.1934.
Pursuant to the implied consent law, the analysis to determine a person's blood alcoholic content is to be done in accordance with methods approved and set forth by the Florida Department of Law Enforcement (FDLE). § 316.1934(3). In State v. Miles, 775 So.2d 950 (Fla.2000), the Florida Supreme Court found that the rules promulgated by the FDLE[1] providing for the testing of blood samples were so deficient with respect to the proper preservation of the blood that the state could not use the statutory presumptions of impairment set forth in section 316.1934(2).
In the instant case, while not relying specifically on Miles, Bass objected to the state's use of the presumption based on the lack of evidence presented as to the handling of his blood sample from the time it was drawn until the time it was analyzed by the FDLE. The state encourages us to find harmless error given the other evidence presented of Bass's impairment. As *976 in Hembree v. State, 790 So.2d 590 (Fla. 5th DCA 2001), and more recently in Servis v. State, 802 So.2d 359 (Fla. 5th DCA 2001), however, we find we cannot conclude that the state's use of the presumption did not likely contribute to the jury's verdict. Accordingly, we vacate Bass's judgment and sentence. The case is remanded to the trial court for a new trial.
REVERSED; REMANDED.
SHARP, W., and GRIFFIN, JJ., concur.
NOTES
[1] The FDLE, effective July 29, 2001, amended its rules to provide for more specific procedures regarding the proper preservation of blood samples. Servis v. State, 802 So.2d 359.