816 So.2d 656 (2002)
Joseph MCBRIDE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2629.
District Court of Appeal of Florida, Second District.
February 20, 2002.
*657 James Marion Moorman, Public Defender, Bartow, and Joseph N. D'Achille, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
This case is before us on remand from the Florida Supreme Court. Joseph McBride challenges his conviction for DUI manslaughter, which arose out of an incident in which he drove his car into oncoming traffic and hit the victim's car head on.
McBride originally argued before this court that the trial court improperly instructed the jury on the statutory presumptions of impairment and erred in excluding evidence of the victim's impairment. We affirmed McBride's conviction, see McBride v. State, 774 So.2d 698 (Fla. 2d DCA 2000), based on our holding in State v. Townsend, 746 So.2d 495 (Fla. 2d DCA 1999), that the State is entitled to the legislatively created presumptions of impairment once the predicate established in Robertson v. State, 604 So.2d 783 (Fla.1992), is laid. However, the supreme court has overturned in part this court's decision in Townsend. See Townsend v. State, 774 So.2d 693, 693 (Fla. 2000) (Townsend II). Subsequently the court quashed our holding in the instant case, "only to the extent it is inconsistent with ... Townsend [II]." See McBride v. State, 788 So.2d 962, 963 (Fla.2001).
Although pursuant to Townsend II it was clear error for the trial court to instruct the jury on the statutory presumptions of impairment, we conclude that the error was harmless and affirm McBride's conviction. Error is harmless only "if it can be said beyond a reasonable doubt that the verdict could not have been affected by the error." State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
At trial, the State presented evidence from several witnesses that McBride drove at approximately 70 miles per hour in a 35 miles per hour zone, swerved in and out of lanes, had trouble maintaining a lane, nearly rear-ended a minivan, barely missed hitting a bicyclist, and swerved into oncoming traffic, where he hit the victim's car head on. Additionally, testimony showed that McBride's tires were screeching as he wove through traffic and that he cut so closely in front of other cars that the drivers were forced to slam on their brakes in order to avoid being hit by McBride's vehicle. Furthermore, two of the paramedics that responded to the scene testified that while in the ambulance with McBride, they smelled alcohol on his breath, and a police officer testified that McBride said he had been drinking all day.
The Fifth District has concluded that, based upon certain facts, erroneously instructing the jury on the statutory presumptions is harmful error. See Bass v. State, 801 So.2d 975 (Fla. 5th DCA 2001); Servis v. State, 802 So.2d 359 (Fla. 5th *658 DCA 2001); Hembree v. State, 790 So.2d 590 (Fla. 5th DCA 2001). However, due to the overwhelming evidence of McBride's impairment presented by the State, we conclude that the error here was harmless. Accordingly, we affirm McBride's conviction.
Affirmed.
CASANUEVA and COVINGTON,[1] JJ., Concur.
NOTES
[1] Judge Covington has been substituted for Judge Campbell, who was on the original McBride panel.