811 So.2d 863 (2002)
Howard Russell BONINE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1717.
District Court of Appeal of Florida, Fifth District.
March 28, 2002.
*864 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.

EN BANC
SHARP, W., J.
Bonine challenges his DUI/manslaughter conviction which arose out of an incident in which he struck and killed a motorcyclist with his vehicle. We elect to consider this case en banc to determine whether we should apply the harmless error rule, given the overwhelming evidence of guilt. We conclude that the harmless error rule cannot be applied and accordingly remand for a new trial.
*865 Bonine was charged with DUI/manslaughter, pursuant to section 316.193. The jury instructions were that he could be found guilty based on one of two theories:
1) Bonine was driving while under the influence of alcoholic beverages to the extent that his faculties were impaired, or
2) he had a blood alcohol level of 0.08 or higher.
The jury was also instructed as to the statutory presumption of impairment in section 316.1934. This was clearly erroneous pursuant to State v. Miles, 775 So.2d 950 (Fla.2000). In similar cases, we have recently rejected the state's request to find such error to be harmless. Bass v. State, 801 So.2d 975 (Fla. 5th DCA 2001); Servis v. State, 802 So.2d 359 (Fla. 5th DCA 2001). We write now to more fully explain our rationale.
Application of the harmless error rule in this situation depends on whether the case involves "insufficiency of proof," i.e., a mistake about the weight or factual import of the evidence, or "legal error," i.e., a mistake about the law. A general guilty verdict must be set aside where the conviction may have rested on an unconstitutional ground or a legally inadequate theory and there is no way to determine which ground the jury relied upon. However, reversal is not warranted where the general verdict could have rested on a theory of liability without adequate evidentiary support when there was an alternative theory of guilt for which the evidence was sufficient. Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991); Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), overruled in part on other grounds, Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Delgado v. State, 776 So.2d 233 (Fla.2000); Teffeteller v. Dugger, 734 So.2d 1009 (Fla.1999); Mungin v. State, 689 So.2d 1026 (Fla.1995), cert. denied, 522 U.S. 833, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997); Tricarico v. State, 711 So.2d 624 (Fla. 4th DCA 1998); Mosely v. State, 682 So.2d 605 (Fla. 1st DCA 1996).
In Griffin, the Court explained its rationale for making this distinction:
Jurors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to lawwhether, for example, the action in question is protected by the Constitution, is time barred, or fails to come within the statutory definition of the crime. When, therefore, jurors have been left the option of relying upon a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error. Quite the opposite is true, however, when they have been left the option of relying upon a factually inadequate theory, since jurors are well equipped to analyze the evidence, see Duncan v. Louisiana, 391 U.S. 145, 157, 88 S.Ct. 1444, 1451, 20 L.Ed.2d 491 (1968). As the Seventh Circuit has put it:
It is one thing to negate a verdict that, while supported by evidence, may have been based on an erroneous view of the law; it is another to do so merely on the chanceremote, it seems to usthat the jury convicted on a ground that was not supported by adequate evidence when there existed alternative grounds for which the evidence was sufficient. United States v. Townsend, 924 F.2d 1385, 1414 (1991).
502 U.S. at 59, 112 S.Ct. at 474.
In sum, a guilty verdict will be upheld if the jury was presented with two legitimate theories of guilt, although the evidence on one theory was insufficient. See, e.g., Mungin (jury was instructed that it could find defendant guilty of first degree *866 murder based on either premeditation or felony murder; conviction upheld based on felony murder since evidence was sufficient to support that ground even though evidence was insufficient to support premeditation and judge erred in instructing the jury on this ground).
However, reversals are required where the jury may have convicted the defendant on a legally improper theory. See, e.g., Tricarico (defendant was entitled to new trial after conviction for first degree murder based on either premeditation or felony murder even though premeditation was supported by the evidence; felony murder theory was invalid as it was predicated on attempted trafficking in cocaine which at the time was not a predicate crime for felony murder and jury did not specify its basis for the verdict); Mosely (conviction for attempted manslaughter reversed where jury instructed that it could find the defendant guilty based on his intentional act or culpable negligence and culpable negligence was not a basis for an attempted manslaughter conviction).
This case involves a legal error rather than insufficiency of the proof. In Tyner v. State, 805 So.2d 862 (Fla. 2d DCA 2001), the second district explained that there are two alternate ways to prove the commission of DUI offenses: actual impairment or a presence of a statutory blood alcohol level. Actual impairment may be established in two ways. One way is by proof of circumstances without resort to blood alcohol levels. This proof would consist of evidence such as the driver's behavior, erratic manner of driving and the odor of alcohol. The other way to prove actual impairment is by use of the implied consent law and blood alcohol test to create the statutory presumption that the driver was impaired.
Here the jury was instructed that it could presume Bonine was impaired based on his test results. This instruction was erroneous as a matter of law and not because of any deficiency in the proof at trial. It is unknown whether the jurors followed their instructions and presumed Bonine to be impaired or whether they determined that from the evidence. Since one of the ways to prove the offense was legally inadequate, Bonine's conviction must be reversed and the cause remanded for a new trial.
In McBride v. State, 2002 WL 236620 (Fla. 2d DCA Feb.20, 2002), a case similar to the present one, the court held that the error in instructing the jury on the statutory presumptions of impairment was harmless. But McBride did not apply the legal error/insufficiency proof analysis discussed above. Rather, the court simply concluded that the error was harmless because of the "overwhelming" evidence of actual impairment presented by the state.
However, overwhelming evidence on one valid alternative ground or the harmless error test has no application to a case involving an invalid alternative ground, because no one can say which ground was relied on; ergo, the error is per se harmful. Wilhelm v. State, 568 So.2d 1 (Fla.1990). As explained in State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986):
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say *867 beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful. (emphasis in original)
Thus, Bonine's conviction possibly based on one invalid legal alternative cannot be sustained merely because of overwhelming evidence, on the valid ground. See Mackerley v. State, 777 So.2d 969 (Fla.2001)(harmless error rule cannot be applied when a defendant is convicted by general verdict of first degree murder on the theories of premeditation and felony murder but the felony underlying the felony murder charge is based on a legally unsupportable theory even though there is evidence to support the jury's finding of premeditation); Tricarico (defendant convicted of first-degree murder based on either premeditation or felony murder was entitled to a new trial where felony murder theory was invalid; overwhelming evidence of premeditated murder does not eliminate the doubt as to which of the two theories the jury rested its decision).
Our sister court has reached the same conclusion in a case factually similar to this one. In Cameron v. State, 804 So.2d 338 (Fla. 4th DCA 2001), the defendant collided with another boat while driving his at a high rate of speed, killing six people. Blood drawn from the defendant 45 minutes after he was taken to the hospital indicated a blood alcohol level of .21. He was charged with six counts of manslaughter while operating the boat under the influence of alcohol, six counts of manslaughter with an unlawful blood alcohol level and other criminal charges. The jury found him guilty on all counts.
The state did not opt to adduce the blood alcohol tests results complying with the testing procedures set forth in section 327.354(3), and thus the statutory presumption was not available. The court noted that the boating statutes track the motor vehicle statutes. Thus, pursuant to State v. Miles, the trial court erred in instructing the jury on the statutory presumptions of impairment. With regard to the DUI counts, it explained that it could not find beyond a reasonable doubt the error had no affect on the jury verdict, because all the DUI counts required the jury to find the defendant was operating the boat under the influence of alcohol:
The erroneous jury instruction told the jury to presume that fact. Clearly it was prejudicial. On these counts only therefore, the defendant is entitled to a new trial.
The court distinguished the UBAL manslaughter counts because the statutory presumption instruction was not given with regard to them.[1]
Accordingly, we vacate Bonine's judgment and sentence and remand for a new trial. We also certify a conflict with McBride.
Judgment and Sentence VACATED; REMANDED; CONFLICT Certified.
THOMPSON, C.J., PETERSON, GRIFFIN and SAWAYA, JJ., concur.
PLEUS, J., concurring and concurring specially with opinion.
HARRIS, J., dissenting with opinion, in which COBB, PALMER and ORFINGER, R.B., JJ., concur.
PLEUS, J., concurring and concurring specially.
This case is yet another example of the problems arising from the majority opinion *868 in State v. Miles, 775 So.2d 950 (Fla.2000). The defendant was charged with one count of DUI manslaughter, which can be established under either of two theoriesimpairment or unlawful blood alcohol level. As the dissent notes, there was abundant evidence of both impairment and unlawful blood alcohol level. However, as long as this court is bound to follow Miles, I must reluctantly vote to reverse because there is no way for this court to determine which theory the jury believed beyond a reasonable doubt. Under these circumstances, I believe that when a trial court erroneously instructs a jury to presume impairment, in violation of State v. Miles, 775 So.2d 950 (Fla.2000), the error is by definition harmful.
HARRIS, J., dissenting.
I respectfully dissent.
I agree that the trial court erred in giving the impairment presumption instruction in light of State v. Miles, 775 So.2d 950 (Fla.2000). The question then is whether the verdict can be sustained based on harmless error because of the clear proof of the alternative theory (driving with an unlawful blood-alcohol level)[1] underlying the jury's general verdict entered herein or because the jury would have without doubt found impairment even had the improper instruction not been given.[2]
In Servis v. State, 802 So.2d 359 (Fla. 5th DCA 2001), we held that the harmless error rule cannot apply in such cases because "there is no way of analyzing the jury's verdict to determine the theory upon which it relied in rendering its verdict." This is a confusing analysis because it apparently considers the presumption of impairment as a theory of guilt. It is not. Defendant was charged with and convicted of DUI Manslaughter, which may be proved by showing that the defendant caused the death of another either by driving while impaired or by driving with an unlawful blood-alcohol level. Thus the two theories of guilt are that 1) the defendant drove while impaired and/or 2) the defendant drove with an unlawful blood-alcohol level and caused the death of another. While the presumption arising from the defendant's blood-alcohol level, under the proper circumstances, may be prima facie evidence of impairment, it is not the only way of establishing such impairment. And in Robertson v. State, 604 So.2d 783 (Fla. 1992), the supreme court clearly stated that even though the presumption of impairment would not apply unless the statute authorizing the presumption was *869 strictly followed, still the test results showing the blood-alcohol level would be admissible in evidence if the blood was drawn by an authorized person and the state establishes the three-pronged Bender predicate. There is no dispute in this case that the State met its burden for admissibility of defendant's blood-alcohol level.
I do not accept the majority's contention that the verdict in this case was based on a legally inadequate theory. There was ample evidence to support both theories of guilt. The blood-alcohol level which was properly admitted into evidence speaks for itself. It was almost three times the legal limit.[3] The other theory, impairment, was proved by the following facts:
A witness observed the defendant's vehicle "weaving in front of him" to such an extent that the witness dropped back, only to observe the defendant's vehicle further up the road stopped by the side of the highway about a quarter of a mile beyond the accident scene where it had run into a concrete sign/bench. The witness saw a motorcycle on the ground and the body of the victim lying in the ditch. The motorcycle had been rear-ended. The witness then observed appellant staggering back toward the scene of the accident and heard him admit that he had hit the motorcyclist but thought it was a deer. An officer described the defendant as "smelling of alcohol" and as having slurred speech. Further, defendant admitted to having consumed beer on the day in question and his blood-alcohol level was .226.
Since the presumption of impairment has absolutely nothing to do with the charge of driving with an unlawful alcohol level, we must consider its effect on the impairment alternative theory.[4]
There is no question but that driving while impaired and driving with an unlawful blood-alcohol level are valid alternative theories on which to base this manslaughter charge. Thus both theories are "legal" and either theory is sufficient to sustain the conviction. The impairment instruction, even though improper in this case, was but one way of establishing the fact of impairment. Impairment was also established in this case, totally separate from the instruction, by proving that the defendant, after consuming alcohol to the extent that his blood level reached .226, drove down the highway, weaving, and overtook and ran into the rear of a motorcycle, mistaking the motorcycle for a deer, and continued down the highway for a quarter of a mile until he ran into a concrete sign/bench.
In State v. Burns, 491 So.2d 1139 (Fla. 1986), the supreme court discussed our obligation as an appellate court in applying the harmless error test. Basically, the rule is that if we believe beyond a reasonable doubt that the error did not affect the verdict, then we should uphold the verdict. The supreme court stated our obligation another way in State v. Marshall, 476 *870 So.2d 150, 153 (Fla.1985): "It makes no sense to order a new trial, because of a nonfundamental error committed at trial, when we know beyond a reasonable doubt that the defendant will be convicted again." This confirms the notion that the defendant is entitled to a fair trial, not a perfect one.
In San Martin v. State, 717 So.2d 462, 469 (Fla.1998), the defendant was convicted of first degree murder by general verdict but contended that there was insufficient evidence of premeditation. The supreme court agreed that premeditation was not proved but upheld the conviction saying:
We agree with San Martin that the evidence in this case does not support premeditation, but do not find that reversal is warranted on this basis. While it may have been error to instruct the jury on both premeditation and felony murder (citation omitted) any error in this regard was clearly harmless. The evidence supported conviction for felony murder and the jury properly convicted San Martin of first degree murder on this theory. (Emphasis added.)[5]
Even if we do not sustain the conviction because the alternative basis, unlawful blood-alcohol level, was so clearly established, we should sustain it on the basis of harmless error because the evidence independent of the instruction was so overwhelmingly convincing that this defendant was impaired that we can say beyond any reasonable doubt that the defendant would be convicted upon retrial because the error did not affect the verdict.
COBB, PALMER and ORFINGER, R.B., JJ., concur.
NOTES
[1] The jury had to find with regard to those counts only that the defendant's blood alcohol level exceeded .08 when the accident occurred, and there was direct evidence it was.21 in less than an hour after the accident.
[1] In Griffin v. United States, 502 U.S. 46, 47, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), the court held that even if the evidence does not support the specific verdict, any error in charging the jury on that theory is harmless where the evidence supports a conviction for the general verdict.
[2] The structure of the statute creating the offense of driving under the influence [section 316.193, Florida Statutes] itself shows that at best the presumption instruction authorized by section 316.9134(2), Florida Statutes, is redundant and at worst harmless. In order to receive the presumption instruction the State must first prove the alternative theory for conviction, unlawful blood alcohol level. If the State proves this theory, then proving impairment is surplusage and the presumption instruction is redundant. On the other hand, if the State fails to prove an unlawful blood alcohol level, then the presumption, even if the instruction is given, does not come into play and therefore giving the instruction is harmless. The only value that I can see for the presumption is in a civil action in which the defendant is alleged to have negligently caused an accident involving injuries. In such case, if the defendant denies impairment and if he is shown to have an unlawful blood alcohol level, then he would have to overcome the presumption of impairment.
[3] See Dodge v. State, 805 So.2d 990 (Fla. 4th DCA, 2001):

Thus, "the presumption of impairment created by [section 316.1934(2), Florida Statutes] is a moot concern if the state proves beyond a reasonable doubt that the defendant operated a motor vehicle with an unlawful blood-alcohol level."
[4] The structure of this charged offense is similar to first degree murder in that there are separate and distinct alternative ways of proving its commission. In Looney v. State, 803 So.2d 656 (Fla.2001), the supreme court held that a general verdict of guilt of first degree murder should be sustained if there is substantial, competent evidence supporting either premeditated or felony murder. In this appeal, there is really no issue that the defendant was driving with an unlawful blood-alcohol level.
[5] There are numerous cases holding improper jury instructions are subject to a harmless error analysis. See, e.g., Zack v. State, 753 So.2d 9 (Fla.2000) (Even if giving instruction on burglary was error for purpose of felony murder conviction, error was harmless beyond a reasonable doubt, as conviction for first-degree murder and felony murder aggravator could be sustained based on sexual battery or robbery conviction, and based on strength of state's case there was no reasonable possibility that either conviction or death sentence would have been different but for argument and instruction on burglary).