816 So.2d 793 (2002)
Adam Frank SEARLES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2781.
District Court of Appeal of Florida, Second District.
May 15, 2002.
*794 James Marion Moorman, Public Defender, and Jeffrey Sullivan, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Adam Frank Searles appeals his judgments and sentences for three counts of DUI manslaughter, one count of DUI with serious bodily injury, two counts of DUI with injury to a person, and one count of DUI with damage to property. These judgments and sentences were entered following a jury trial in April 2000. This court reversed prior convictions for these offenses in 1999 and ordered a new trial. See Searles v. State, 750 So.2d 667, 668 (Fla. 2d DCA 1999). We now conclude that any errors during the new trial were harmless beyond a reasonable doubt. Accordingly, we affirm.
On July 8, 1994, Mr. Searles drove his car at a very high rate of speed into the rear of a station wagon that was stopped at a red light. His speed was estimated to be 75 to 80 miles per hour in a 45-mile-per-hour zone. There was no evidence that Mr. Searles ever applied his brakes before the accident. There were seven occupants in the station wagon. Three of the occupants died, and the other passengers sustained injuries of varying degrees.
Mr. Searles was also injured in this accident. The first person to check Mr. Searles' condition at the scene of the accident was a nursing student. He testified that Mr. Searles had a very strong odor of alcohol. The emergency medical technician who treated Mr. Searles at the scene of the accident testified that Mr. Searles vomited into her face and that the vomit smelled and tasted like beer. Several police officers testified to the odor of alcohol that emanated from Mr. Searles, and to the presence of an open can of beer inside his automobile.
When Mr. Searles was taken to the hospital, the doctors in the emergency room emptied his stomach. The content of his stomach smelled like alcohol. Once Mr. Searles was stabilized, a blood sample was obtained. The blood was drawn about five hours after the accident. The tests that were conducted of that sample indicated that Mr. Searles' blood alcohol content was *795 0.24 grams per 100 milliliters of blood, or three times the legal limit.
We conclude that the trial court did not err when it admitted evidence of Mr. Searles' legal blood alcohol level. The foundation to admit this evidence was adequately established under the guidelines announced in Robertson v. State, 604 So.2d 783 (Fla.1992). See also State v. Miles, 775 So.2d 950, 956 (Fla.2000); State v. Bender, 382 So.2d 697 (Fla.1980).
On the other hand, the trial court erred by providing the jury with the presumption of impairment instruction. See Miles, 775 So.2d at 955 (finding presumption of impairment associated with implied consent statute was not available to State because administrative code failed to adequately provide for preservation of blood samples). This court has previously concluded, however, that the giving of an erroneous instruction on the statutory presumption of impairment can be harmless error when there is sufficient evidence of actual impairment such that there is no doubt that the jury would have found impairment even without the erroneous instruction. McBride v. State, 816 So.2d 656 (Fla. 2d DCA 2002). Accordingly, we conclude that the giving of the presumption of impairment instruction was harmless. But see Bonine v. State, 811 So.2d 863 (Fla. 5th DCA 2002); Servis v. State, 802 So.2d 359 (Fla. 5th DCA 2001); Bass v. State, 801 So.2d 975 (Fla. 5th DCA 2001); Hembree v. State, 790 So.2d 590 (Fla. 5th DCA 2001). We certify conflict with Bonine.
Mr. Searles also argues that the trial court improperly imposed additional victim injury points for the offense of DUI with serious bodily injury in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Mr. Searles received a sentence of 310 months' imprisonment for that offense, to run concurrently with his sentences for the other offenses. Although Mr. Searles' sentence of 310 months' imprisonment for that offense exceeds the statutory maximum,[1] the jury's verdict clearly found beyond a reasonable doubt that three of the victims were killed and another suffered "serious bodily injury." These verdicts are sufficient to support the victim injury points imposed by the trial court even if such points require resolution by the jury.
Affirmed, conflict certified.
BLUE, C.J., and STRINGER, J., concur.
NOTES
[1] See § 775.082(3)(c), (d), Fla. Stat. (1993).