GROSS, J.
The state appeals from an order granting William Cameron’s motion for a new trial after a jury found him guilty as charged of DUI-Manslaughter, Vehicular Homicide, and DUI-Property Damage. We reverse the order as to all counts.
The supreme court’s decision in State v. Miles, 775 So.2d 950 (Fla.2000), was rendered two days after the verdict. The trial court felt that Miles compelled the granting of Cameron’s motion for new trial.
At trial, the state called the trial court’s attention to the first district’s decision in State v. Miles, 732 So.2d 350 (Fla. 1st DCA 1999), and said that review was pending in the supreme court. The state argued that the first district’s decision in Miles did not apply and that the court should give the instruction on the presumption of impairment. At no time did Cameron object to the instruction given by the trial judge, which included the presumption of impairment instruction at issue in Miles.
The general rule is that “a stronger showing is required to overturn an order granting a new trial than to overturn an order denying a new trial.” State v. Andrews, 820 So.2d 1016, 1022 (Fla. 4th DCA 2002). However, the trial court’s discretion to grant a new trial is substantially narrowed when the basis for the new trial is a non-preserved, non-fundamental error.
In State v. Delafuente, 487 So.2d 1083 (Fla. 4th DCA 1986), we reversed an order granting the defendant a new trial because of alleged prosecutorial misconduct in closing argument. We observed that defense counsel never objected to the state’s argument or moved for a mistrial. We held that “for that reason alone,” the trial court “should have denied the motion for new trial, in the absence of fundamental error.” Id. at 1085; see also State v. Goldwire, 762 So.2d 996, 998 (Fla. 5th DCA 2000) (observing that where admission of evidence did not constitute fundamental error, “trial court should not have entertained a motion for new trial ... absent an objection”); State v. Fritz, 652 So.2d 1243 (Fla. 5th DCA 1995) (reversing order granting new trial where defendant did not preserve objection to closing argument, because he failed to move for a curative instruction or mistrial); State v. Benton, 662 So.2d 1364 (Fla. 3d DCA 1995) (reversing order granting new trial; finding no preservation as to state’s impermissible comment on defendant’s right to remain silent where defendant failed to request curative instruction or mistrial).
We agree with the first district that the giving of the presumption of impairment instruction does not constitute fundamental error. See Leveritt v. State, 817 So.2d 891, 897 (Fla. 1st DCA 2002). Under Delafuente, the trial court should have denied the motion for new trial because Cameron failed to preserve his Miles objection.
We also disagree with the trial court’s belief that Miles compelled reversal in this case.
Miles held that rule 11 D-8.012(3), Florida Administrative Code was inadequate because it failed to insure the reliability of blood test results. 775 So.2d at 955. The supreme court also reaffirmed the ruling of Robertson v. State, 604 So.2d 783 (Fla.1992), that when there is no assurance of compliance with the implied consent law, the state must revert back to the “common law approach” for admitting blood alcohol test results. Miles, 775 So.2d at 956. The “three-prong predicate” that had to be established in order to admit test results was that: “(1) the test was reliable, (2) the test was performed by a qualified operator with the proper equipment, and (3) expert testimony was presented concerning the *1113 meaning of the test.” Id. Here, the state met this predicate.
Miles is distinguishable from this case on its facts. There, the state was not entitled to the presumption of impairment for following the administrative rule which provided inadequate specimen maintenance standards. Id. at 955. The blood specimen in Miles remained unrefrigerated for fourteen days prior to testing and the integrity of the samples could have been compromised. An expert testified that the blood alcohol content of a blood sample may be affected by a sample’s exposure to heat or by the presence of bacteria; “the evidence presented established that a sample should be kept refrigerated.” Id. at 951.
The evidence in this case did not similarly impugn the integrity of the blood specimens. After the defendant’s blood was drawn, it was kept refrigerated at all times, with the exception of (1) its transportation from the hospital to the police department’s refrigerated locker, and (2) the overnight Federal Express delivery of the specimen to National Medical Services for a second round of testing. An expert testified that overnight transportation without refrigeration would not affect the sample’s integrity.
Additionally, this case is controlled by Dodge v. State, 805 So.2d 990 (Fla. 4th DCA 2001). In Dodge, this court held that where a defendant’s blood test results were admitted in compliance with the three-prong common law test, the “presumption of impairment created by [section 316.1934(2) Florida Statutes] is a moot concern if the state proves beyond a reasonable doubt that the defendant operated a motor vehicle with an unlawful blood-alcohol level.” Id. at 994 (quoting Robertson, 604 So.2d at 792 n. 14). Because there was evidence in Dodge that the defendant’s blood alcohol level at the time it was tested was .09, and there was expert testimony that it was .12 at the time of the accident, this court held that it was proper to instruct the jury that if it found that the defendant’s blood alcohol was greater than .08 a the time of the accident, then the jury must also find that the defendant was guilty of the DUI offense.
In this case, one expert fixed the defendant’s blood alcohol level at the time of the crash as .185 or .19. A second expert testified that the defendant had the equivalent of eleven drinks of alcohol in his body at the time of the crash. According to the testimony, the maximum blood alcohol level he could have had at the time of the accident was .20, and the minimum was .12. The defendant had also ingested Valium, which further impaired him. The state proved beyond a reasonable doubt that he drove with an unlawful blood alcohol level. As in Dodge, any presumption of impairment issues was a moot concern. See also Searles v. State, 816 So.2d 793, 795 (Fla. 2d DCA 2002) (holding that the giving of the presumption of impairment instruction was harmless error when “there is sufficient evidence of actual impairment such that there is no doubt that the jury would have found impairment even without the erroneous instruction.”).
The trial court believed that the granting of a new trial on the DUI counts compelled a new trial on the vehicular homicide. Because we have held that no new trial is required on those counts, we reverse the order granting a new trial on the vehicular homicide.
REVERSED.
STONE and WARNER, JJ., concur.