ON REMAND FROM THE SUPREME COURT OF FLORIDA

DAVIS, Judge.
This case is before us on remand from the Florida Supreme Court. Joseph McBride challenges his conviction for DUI manslaughter, which arose out of an incident in which he drove his car into oncoming traffic and hit the victim’s car head on.
Based on the supreme court’s opinion in Townsend v. State, 774 So.2d 693, 693 (Fla.2000), we previously concluded that it was clear error for the trial court to instruct the jury on the statutory presumption of impairment. See McBride v. State, 816 So.2d 656 (Fla. 2d DCA 2002). However, we went on to determine that “due to the overwhelming evidence of McBride’s impairment presented by the State,” the error was harmless. Id. at 658.
On review, the Florida Supreme Court determined that our harmless error analysis conflicted with its decision in Cardenas v. State, 867 So.2d 384 (Fla.2004). Accordingly, the supreme court quashed our decision in McBride, 816 So.2d 656, and remanded the case for us to reconsider whether the giving of the jury instruction on the statutory presumption of impairment was harmless error in light of Cardenas. We conclude that it was.
In Cardenas, the supreme court stated, “we disagree with ... the holding of the Second District in McBride, 816 So.2d at 656, that overwhelming evidence of impairment alone can render the error in instructing on the presumption of impairment harmless.” 867 So.2d at 395. The court went on to explain that the harmless error test
*375 is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an ovenohelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Id. (quoting Bonine v. State, 811 So.2d 863, 866 (Fla. 5th DCA 2002)); see also State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
Here, the State’s information charged that McBride
did drive or was in actual physical control of a vehicle while under the influence of alcoholic beverages, any chemical substance ... or any [controlled] substance ... to the extent that his normal faculties were impaired or while having a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters [or one deciliter] of blood, or while having a breath-alcohol level of 0.08 ... and did by reason of such operation cause the death of ... William F. Duncan.
(Emphasis supplied.)
Accordingly, the State had to prove (1) that McBride was in physical control of the vehicle; (2) that McBride’s operation of the vehicle caused the victim’s death; and (3) that McBride was under the influence of drugs or alcohol to the extent that his faculties were impaired or that his blood alcohol level (BAL) was 0.08 or higher or that his breath alcohol level was 0.08 or higher.
The medical lab technician who tested McBride’s blood draw testified at trial that McBride’s serum alcohol level was .306. The chief toxicologist for the medical examiner’s officer testified that based on such a serum alcohol level and the short period of time between the accident and the blood draw, McBride’s BAL would had to have been within the range of .227 and .278 grams per deciliter (g/dl) at the time of the blood draw and between .20 and .30 g/dl at the time of the accident. He specifically testified that it was not possible that McBride’s BAL was below .20 at the time of the accident.
Based on this evidence and the record as a whole, we conclude that the error in the jury instructions concerning the presumption of impairment was harmless. As noted above, the jury was instructed to find McBride guilty if the evidence showed beyond a reasonable doubt that he was under the influence of alcoholic beverages to the extent that his normal faculties were impaired or that his BAL was in excess of .08 g/dl at the time of the accident. The evidence met this standard, and specifically as to the BAL, the unrefuted expert testimony was that McBride’s BAL could not have been below .20 g/dl at the time of the accident. Accordingly, based on the harmless error standard reiterated in Cardenas, we conclude that there is no reasonable possibility that the error affected the verdict, or stated differently, we conclude beyond a reasonable doubt that the error did not affect the verdict. Because the error was harmless, we affirm McBride’s conviction.
Affirmed.
CASANUEVA and SILBERMAN, JJ„ Concur.