PER CURIAM.
Joseph Chance appeals his conviction for lewd and lascivious molestation of a child under age twelve. He argues that the trial court abused its discretion in failing to grant his motion for new trial after the prosecutor shifted the burden of proof by asking Chance why he was just disclosing details of his defense for the first time at trial and whether he had physical evidence and witnesses present to corroborate some collateral matters to which he testified. Although Chance raised this issue in a motion for new trial, his trial counsel failed to contemporaneously object to the questions or argument at trial, or request a mistrial, thus failing to preserve the issue for review. See, e.g., State v. Fritz, 652 So.2d 1243, 1244 (Fla. 5th DCA 1995) (“The law is clear that, in order to preserve a claim based on improper prosecu-torial conduct, defense counsel must object, and if the objection is sustained he must then request a curative instruction or mistrial; he cannot await the outcome of the trial to seek the relief of a new trial.); Jones v. State, 655 So.2d 187 (Fla. 1st DCA 1995) (“The third issue regarding prosecutorial misconduct during cross-examination of a defense witness and closing argument was not preserved for appellate review and does not constitute fundamental error; therefore, we affirm as to that issue.”); cf. State v. Cameron, 837 So.2d 1111, 1112 (Fla. 4th DCA 2003) (“[T]he trial court’s discretion to grant a new trial is substantially narrowed when the basis for the new trial is a non-preserved, non-fundamental error.”). Carefully considering the prosecutor’s improper questions and comments in light of the entire trial, we find no fundamental error, see Spencer v. State, 842 So.2d 52, 74 (Fla.2008), and affirm.
AFFIRMED.
GRIFFIN, PALMER and LAWSON, JJ., concur.