# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2497
_____

EDDIE L. KIMBLE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Stephen S. Everett, Judge.

April 2, 2025

WINOKUR, J.

Eddie L. Kimble was convicted of four counts of sexual battery on a victim less than twelve years, and one count of lewd or lascivious molestation. He was sentenced to life in prison. Kimble moved for a new trial, which was denied. On appeal, he argues the trial court erred in denying his motion for a new trial because the State made certain comments in closing and rebuttal arguments that misled the jury and shifted the burden to Kimble to disprove the victim's testimony. Kimble also argues the trial court erred in denying a motion in limine to exclude the expert testimony of a DNA analyst. We reject Kimble's argument regarding the State's use of the DNA evidence in closing arguments, and his argument regarding the motion to exclude the DNA evidence, without further comment. We write to explain why the trial court did not

err in denying Kimble's motion for a new trial on the ground that the State's closing argument urged the jury to improperly shift the burden of proof.

<h1 style="text-align:center">I</h1>

A.D., eleven years old at the time, visited her grandmother's house on weekends in 2020. Kimble lived with A.D.'s grandmother as her "friend," and was present when A.D. visited her grandmother. Before 2020, A.D. had an "incident" with Kimble, when she was around nine. At that time, A.D. was playing hide and seek with her cousins at her grandmother's house. A.D. was hiding in a closet when Kimble came into the closet, touched A.D.'s breasts and vagina, and left without saying anything. A.D. told her mother about the incident and did not return to her grandmother's house for some time.

Eventually, however, A.D. returned to her grandmother's house to see her cousins—whom she only saw at her grandmother's home. During one of those visits, in October 2020, A.D. was sleeping on a couch in the living room when Kimble came around to A.D. and began grabbing her breasts and vagina. Later, on that same night (early morning), Kimble called A.D. over to him on the patio—which was near the couch A.D. was sleeping on. A.D. complied and at that point, Kimble pulled A.D.'s pants down and began to touch A.D.'s breasts and vagina, and engaged in other activity with A.D. qualifying as sexual battery. A.D. left the patio feeling disgusted and brushed her teeth. She told her mother later that morning about the encounter.

A Child Protection Team was called in, A.D. was interviewed, DNA swabs were taken, and Kimble was ultimately charged with four counts of sexual battery of a victim under the age of twelve and one count of lewd and lascivious molestation.

During his closing argument at trial, Kimble argued that A.D.'s telling of the events was untrue and that she only sought attention by fabricating the encounters—highlighting inconsistencies in A.D.'s testimony. The State, in rebuttal, argued that the inconsistencies were not enough to cause reasonable doubt, and pointed out that there was no evidence presented at

trial that A.D. was lying or was an attention seeker, which drew no objection from Kimble.

The jury returned a verdict of guilty on all five counts. Kimble then moved for a new trial, arguing that the State's comments during closing were grounds for a new trial. The motion was denied, and this appeal follows.

II

Kimble argues on appeal that the trial court erred in denying his motion for a new trial because the State's closing argument comments deprived him of a fair trial. He asserts that the State's comments in its closing rebuttal improperly shifted the burden to the defense to prove that the victim was lying. We review the trial court's denial of a motion for a new trial for abuse of discretion. *See Franklin v. State*, 286 So. 3d 962, 965 (Fla. 1st DCA 2020).

III

We note that Kimble failed to object to these comments at the time the prosecutor made them. Generally, a court will not grant a motion for new trial based on improper prosecutorial comments to which the defendant did not contemporaneously object. *See Chance v. State*, 100 So. 3d 1253, 1254 (Fla. 5th DCA 2012) (refusing to consider order denying motion for new trial because, although the appellant "raised this issue in a motion for new trial, his trial counsel failed to contemporaneously object to the questions or argument at trial, or request a mistrial[.]"); *State v. Fritz*, 652 So. 2d 1243, 1244 (Fla. 5th DCA 1995) ("[I]n order to preserve a claim based on improper prosecutorial conduct, defense counsel must object, and if the objection is sustained he must then request a curative instruction or mistrial; he cannot await the outcome of the trial to seek the relief of a new trial."). *Cf. State v. Brockman*, 827 So. 2d 299, 303 (Fla. 1st DCA 2002) (noting that the trial court could not have granted a motion for new trial "based solely on the inadmissibility of prejudicial evidence to which defense counsel did not adequately object," absent fundamental error); *Cordoba v. Rodriguez*, 939 So. 2d 319, 322 (Fla. 4th DCA 2006) ("Generally, a motion for a new trial based on an error occurring during the trial will not be granted unless the moving

party had previously made an objection during trial at the time of the alleged error."). This failure alone is sufficient for us to affirm the denial of the motion for new trial.

However, Kimble urges us to consider the comments for fundamental error, even if we find that the argument is unpreserved. We find that the comments were not erroneous at all, much less that they rose to the level of fundamental error. When read in context, the State's rebuttal comments were an invited response to Kimble's assertions that the victim was a liar and was seeking attention by claiming that Kimble sexually battered her. Such invited responses are not improper. *See Scott v. State*, 66 So. 3d 923, 930 (Fla. 2011) ("'A prosecutor's comments are not improper where they fall into the category of an 'invited response' by the preceding argument of defense counsel concerning the same subject.'" (quoting *Walls v. State*, 926 So. 2d 1156, 1166 (Fla. 2006))).

Still, even if the prosecutor's comments were not an invited response, the comments did not shift the State's burden to the defense. In stating that no evidence was presented to the jury that the victim was a liar or an attention seeker, the State was commenting on the jury's duty to analyze what the evidence did or did not show and to reach the only logical conclusion it believed it should reach based on that evidence. Such comments are, again, not improper. *See Bell v. State*, 108 So. 3d 639, 648 (Fla. 2013) ("'A prosecuting attorney may comment on the jury's duty to analyze and evaluate the evidence and state his or her contention relative to what conclusions may be drawn from the evidence.'" (quoting *Evans v. State*, 838 So. 2d 1090, 1094 (Fla. 2002))). Any slight implication that Kimble somehow bore the burden of producing evidence did not rise to the level of fundamental error.

AFFIRMED.

OSTERHAUS, C.J., and ROWE, J., concur.

4

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

Robert David Malove and Hani Demetrious of the Law Office of Robert David Malove, P.A., Fort Lauderdale, for Appellant.

James Uthmeier, Attorney General, and Darcy Townsend, Assistant Attorney General, Tallahassee, for Appellee.