561 So.2d 429 (1990)
Juan ESCOBEDO, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-637.
District Court of Appeal of Florida, Third District.
May 15, 1990.
*430 Bennett H. Brummer, Public Defender and James K. Clark, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The appellant's conviction for manslaughter with a firearm is affirmed because reversal may not be based upon either of the points on appeal. Escobedo's first contention is that in final argument the prosecutor was improperly permitted, in effect, to instruct the jury in alleged default of the trial court on the law of flight. See Brownlee v. State, 95 Fla. 775, 116 So. 618 (1928); 15 Fla.Jur.2d Criminal Law § 775 (1979); but see Whitfield v. State, 452 So.2d 548 (Fla. 1984). Whatever the merits of the claim, it cannot now be considered because, when the trial judge explicitly offered the defendant a mistrial on this ground below, defense counsel just as specifically withdrew the motion.[1] It is therefore plain that the identical contention may not now be resurrected as a basis for reversal only after the jury has returned an unwelcome verdict. See McCook v. Caruthers, 87 Fla. 238, 99 So. 559 (1924); Saxon v. Chacon, 539 So.2d 11 (Fla. 3d DCA 1989); Baker v. State, 211 So.2d 59 (Fla. 3d DCA 1968); 3 Fla.Jur.2d Appellate Review § 292 (1978) ("A party to an appeal may lose his right to attack error by agreeing or consenting to the ruling or other procedure to which he objects.").
The other claim of error in the admission of hearsay evidence concerned only a collateral matter and was quite clearly harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Affirmed.
NOTES
[1] As to this issue the record showed the following:

THE COURT: But you knew you could say that the law is that as long as she doesn't say instructions, you will be given instructions on that but if the reason for your mistrial is that she argues something that I'm not going to give and then I'll give it and there's no mistrial if you really want that, that's what I will do.
MR. GAMBOA [defense counsel]: No, I don't want the instruction given.
THE COURT: Okay. You want a mistrial?
MR. GAMBOA: I withdraw my motion for mistrial.