652 So.2d 1243 (1995)
STATE of Florida, Appellant,
v.
Richard Steven FRITZ, Appellee.
No. 94-1700.
District Court of Appeal of Florida, Fifth District.
April 7, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Steven J. Guardiano, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Donna M. Krusbe, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
The state appeals the trial court order granting the defendant's motion for new trial after he was convicted of battery on a police officer and criminal mischief (damage to a police vehicle). The basis for the trial court's order was prosecutorial misconduct in the form of an improper closing argument.
During closing argument, defense counsel made the following statement:

*1244 The other thing about this case you have to realize is when the state brings forth the charges, there is not a validity, it doesn't make it a valid charge simply or merely because the state is charging it. If a police officer says something happens and an elected official who depends on police support to get reelected says file it, charge it, take it and throw it to the jury, that doesn't make it valid.
The defendant's closing argument provoked numerous objections which were sustained. The trial court admonished defense counsel to argue the merits of the case, and on several occasions instructed the jury to disregard defense counsel's improper comments and arguments.
During the state's rebuttal, the prosecutor stated:
Also, ladies and gentlemen, when the state puts a witness on the stand, in fact they are vouching for their credibility as a witness. The state has to have some belief that what they are testifying to is the truth. The state cannot in good faith put a witness on the stand that they believe 
The defense objected on the basis that the prosecutor was improperly vouching for the credibility of the officers' testimony. The trial court noted that defense counsel had opened the door and that it was a fair response to defense counsel's previous improper comments; nevertheless, the trial court sustained the objection. Thereafter, at a post-trial hearing on the defendant's motion for new trial, defense counsel represented to the court that a motion for mistrial had been made immediately after closing argument. The prosecutor said that her notes did not reflect any such motion. There was no transcript of the trial available to the court at that time.
In the order granting the motion for new trial, the trial court specifically found that defense counsel had moved for a mistrial at the conclusion of the arguments. The record does not reflect that defense counsel moved for a curative instruction or for a mistrial based on the state's improper comment, either at the time of the objection or at the end of the closing arguments.
The law is clear that, in order to preserve a claim based on improper prosecutorial conduct, defense counsel must object, and if the objection is sustained he must then request a curative instruction or mistrial; he cannot await the outcome of the trial to seek the relief of a new trial. Holton v. State, 573 So.2d 284, 288 n. 3 (Fla. 1990), cert. denied, 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991); Nixon v. State, 572 So.2d 1336, 1340 (Fla. 1990), cert. denied, 502 U.S. 854, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991); Clark v. State, 363 So.2d 331, 335 (Fla. 1978), abrogated on other grounds, State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Houston v. State, 394 So.2d 557 (Fla. 3d DCA 1981); see also Simpson v. State, 418 So.2d 984, 986 (Fla. 1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983).
Additionally, we reject any notion that the state's comment represents fundamental error. Crump v. State, 622 So.2d 963 (Fla. 1993). Even if we considered the issue preserved for appeal, the prosecutor's comment is not so outrageous as to taint the jury's findings. Crump at 972. Moreover, the state's evidence of guilt was clear and compelling, and was reinforced, in large measure, by the defendant's own trial testimony.
Accordingly, we reverse the trial court's order granting new trial, and remand this cause for sentencing.
REVERSED AND REMANDED.
GOSHORN and THOMPSON, JJ., concur.