657 So.2d 33 (1995)
Felix J. HERNANDEZ, Appellant,
v.
Frank P. GISONNI, Jr., Appellee.
No. 93-2446.
District Court of Appeal of Florida, Fourth District.
June 21, 1995.
Rehearing, Clarification and Rehearing Denied August 9, 1995.
*34 Robert H. Schwartz of Gunther & Whitaker, P.A., Fort Lauderdale, for appellant.
Marvin Littky, West Palm Beach, Lawrence U.L. Chandler, West Palm Beach, and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellee.
Rehearing, Clarification and Rehearing En Banc Denied August 9, 1995.
POLEN, Judge.
Felix J. Hernandez appeals the trial court's denial of his post-trial motions in this automobile accident personal injury case. Appellee Frank P. Gisonni, Jr. was seriously injured when appellant's car collided with the car in which Gisonni was a passenger. Prior to trial, Gisonni settled with the two underinsured motorist insurers with applicable coverage, for a total settlement of $250,000. He then proceeded with his claim against Hernandez, resulting in a jury verdict of $324,000.
Post-trial, Hernandez filed motions for new trial, remittitur and for setoff of the $250,000 settlement with the underinsured motorist insurers. The trial court denied appellant's motions. (Only the denial of the remittitur and the setoff are the subject of this appeal.) We affirm.
Appellant's motion for remittitur was primarily directed to that portion of the jury's itemized verdict which awarded $64,000 for future medical expenses. Appellant contends the amount, based on the medical evidence, should have been no more than $17,500. Gisonni was 18 years old when the accident occurred, and 24 years old at the time of trial. As a result of the injuries sustained in this accident, he had to undergo a cervical fusion whereby a titanium plate was inserted into his neck. He has four levels of cervical disks which could degenerate and require more surgery or the implantation of a nerve stimulator. Based on appellee's fifty-year life expectancy at the time of trial, with medical testimony that appellee would require one or two follow-up doctor visits each year at a cost of approximately $350 per year, there was evidence to support a future medical expense award of at least $17,500. However, there was also medical evidence that appellee may require one or more future surgical procedures because of his injuries, and that he would be unable to secure medical insurance to cover such procedures. Dr. Pettingill, appellee's economist expert testified, for example, that he would have to invest $88,000 today to cover his potential future medical needs.
*35 An order of a trial judge granting or denying a remittitur is discretionary and may not be set aside on appeal unless an abuse of discretion is shown. Lassiter v. Int'l Union of Operating Eng'rs, 349 So.2d 622, 627 (Fla. 1976). The Florida Supreme Court, in Lassiter, states that "the correctness of the jury's verdict is strengthened when the trial judge refuses to grant a new trial or a remittitur." Lassiter, 349 So.2d at 627. That court goes on to state that:
The appellate court should not disturb a verdict as excessive, where the trial court refused to disturb the amount, unless the verdict is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.
....
A court is never free to reduce a verdict, by remittitur, to that amount which the court itself considers the jury should have allowed. It can only be reduced to the highest amount which the jury could properly have awarded.
Id. at 627 (citations omitted). As we find no abuse of discretion in the trial court's denial of appellant's motion for remittitur, we affirm as to that point.
Appellant further claims reversible error in the trial court's denial of his motion for setoff as to the $250,000 settlements appellee agreed to with the underinsured motorist insurers. Appellee correctly responds that appellant is not entitled to a setoff in this scenario under the dictates of International Sales-Rentals Leasing Co. v. Nearhoof, 263 So.2d 569 (Fla. 1972). See also Respess v. Carter, 585 So.2d 987 (Fla. 5th DCA 1991), relied upon by the trial court, and Economy Fire and Casualty Co. v. Obenland, 629 So.2d 265 (Fla. 2d DCA 1993), both of which support affirmance. The cases cited by appellant in support of his position are all distinguishable.
We affirm.
FARMER, J., concurs.
OWEN, WILLIAM C., Jr., Senior Judge, dissents in part with opinion.
OWEN, WILLIAM C., Jr., Senior Judge, dissenting in part.
Only those future medical expenses reasonably certain to be incurred are recoverable as damages in a personal injury action, Loftin v. Wilson, 67 So.2d 185, 188 (Fla. 1953). Because there is nothing in the record that would support a jury finding that such standard had been met for any amount in excess of $17,500 (before reduction to present value), I think it a clear abuse of the trial court's discretion to deny a motion for remittitur on this facet of the jury verdict.
The majority opinion, in support of its view that the evidence sufficiently supported the jury award of $64,000 for future medical expenses, points out that appellee has "four levels of cervical disks which could degenerate" and that he "may require one or more future surgical procedures because of his injuries." These statements, which accurately reflect the strongest of appellee's evidence on this issue, in my opinion rise only to the level of possibilities and do not even begin to reach the Loftin v. Wilson standard of "reasonably certain".
There is more. If it could be said that the speculative nature of this evidence would somehow qualify it for an award of future medical expenses, there is not, except for the $17,500 which the majority opinion itemizes, any evidence as to the costs involved with these speculative future surgical procedures. The opinion testimony of appellee's economist expert, Dr. Pettingill, to which the majority points was merely that if appellee became uninsurable it would require $88,000 invested today to pay for his own insurance, that is, "to self insure him for the rest of his life." I think it is quite a leap to connect that testimony to the costs of appellee's potential future medical needs. Putting aside the fact that the expert recognized there was only a possibility that appellee would become uninsurable, the opinion as to the cost for appellee to self-insure was not even tied to the cost of medical insurance, much less the costs of appellee's future medical needs. The absence of any evidentiary basis upon which the jury could determine with reasonable certainty the cost of appellee's future medical expenses in excess of $17,500 required the *36 court to grant the appellant's motion for remittitur. See Broward Community College v. Schwartz, 616 So.2d 1040, 1041 (Fla. 4th DCA 1993); DeAlmeida v. Graham, 524 So.2d 666 (Fla. 4th DCA 1987).