662 So.2d 1364 (1995)
The STATE of Florida, Appellant,
v.
Antonio BENTON, Appellee.
No. 95-1157.
District Court of Appeal of Florida, Third District.
November 22, 1995.
Robert A. Butterworth, Attorney General, and Avi J. Litwin, Assistant Attorney General, Tallahassee, for appellant.
Bennett H. Brummer, Public Defender, and Manuel Alvarez and Suzanne Froix, Assistant Public Defenders, Miami, for appellee.
*1365 Before BASKIN, COPE and LEVY, JJ.
PER CURIAM.
The state appeals an order granting defendant a new trial on the charge of resisting an officer without violence. We reverse.
The trial court abused its discretion in ordering the new trial based on the state's comments in its closing argument. Although the state improperly commented that it is defense counsel's "job to cross things up, to muddy the water," that single comment does not support a new trial order. See Crump v. State, 622 So.2d 963, 971-972 (Fla. 1993) (prosecutor's comment described "defense as an `octopus' clouding the water in order to `slither away' ... not so outrageous as to taint the jury's finding of guilt."); Lopez v. State, 555 So.2d 1298 (Fla. 3d DCA 1990); cf. Alvarez v. State, 574 So.2d 1119 (Fla. 3d DCA 1991) (repeated comments). As to the state's impermissible comment on defendant's right to remain silent, defendant's failure to request a curative instruction or a mistrial[1] after the court apparently sustained defendant's objection precludes awarding a new trial based on that comment. State v. Fritz, 652 So.2d 1243 (Fla. 5th DCA 1995) (where defendant did not seek further relief following court's sustaining objection to prosecutor's improper comment new trial order reversed); see Puentes v. State, 658 So.2d 171 (Fla. 3d DCA 1995); Escobedo v. State, 561 So.2d 429 (Fla. 3d DCA 1990); cf. Spencer v. State, 645 So.2d 377 (Fla. 1994) (where defendant objected, requested a mistrial, but did not request a curative instruction issue of improper prosecutorial closing argument preserved). Furthermore, assuming that the issue was not waived, the error was harmless: defendant stipulated that the officer attempted to make a traffic stop in the lawful execution of a legal duty; the testimony that the officer showed defendant his badge before defendant drove away was undisputed; and two officers testified to pursuing defendant in his truck. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, the order granting defendant a new trial is reversed.
Reversed and remanded.
NOTES
[1] The court discussed with defense counsel whether she wanted a mistrial, the necessity for requesting a mistrial, and whether she waived the issue by failing to making such request. After the discussion, defense counsel stated that she was not moving for a mistrial.