PER CURIAM.
Wal-Mart Stores, Inc., the defendant in the trial court, appeals a final judgment arising out of a jury trial in a premises liability case.
Although the closing remarks of plaintiffs’ attorney demonstrate a lack of verbal dexterity, they did not involve that improper injection of counsel’s personal belief into the trial which would justify reversal. We have carefully combed the transcript of the argument and find that this case is controlled by Goutis v. Express Transport, Inc., 699 So.2d 757, 763-64 (Fla. 4th DCA 1997), rev. dismissed, 705 So.2d 901 (Fla. Jan.23, 1998). The remarks complained of were indicative of ordinary speech patterns and were counsel’s attempt to argue from the evidence at trial. Id. The comments neither suggested that the attorney had access to off-the-record information nor appealed to the conscience of the community. Compare, e.g., Stokes v. Wet ‘N Wild, Inc., 523 So.2d 181 (Fla. 5th DCA 1988).
Wal-Mart opened the door to comment during closing argument on the absence of the incident report. On its side of the case, the defendant called Max Johnson, who was assistant manager at Sam’s Club at the time of the plaintiffs fall. Defense counsel asked Johnson whether he had “enough of a memory to testify about the events that took place at the time” of the incident. Johnson replied that he did not see the fall, but “looked at the incident report and that is my handwriting. That’s about all I can remember.” Johnson had no recollection of the incident and was not further examined by either party. However, the trial court allowed the jurors to ask questions, and one juror immediately said, “I have a question. Is the incident report put into evidence?” The trial court responded, “At this point, no. You’ll be bound by what is in evidence.”
Wal-Mart argues that the trial’s most egregious error was plaintiffs reference to the incident report, which it characterized as a “document protected from disclosure under the work product privilege and which therefore was not listed as an exhibit” by either party. In this case, we find no error in counsel’s comments about the incident report. The existence of the report was injected into the case by a defense witness. The implication of the testimony was that the report offered a more accurate rendition of the events surrounding the incident than the witnesses’ testimony. The jury’s interest was piqued. Counsel’s reference to “work product” was harmless error. At the time of the jury’s question and during closing, the *179 trial court instructed the jury to base its decision on the evidence introduced at trial. The court limited closing argument so that the incident report did not became a feature of the trial.
Finally, we find no abuse of discretion in the trial court’s denial of the motion for remittitur. See Hernandez v. Gisonni, 657 So.2d 33, 35 (Fla. 4th DCA 1995); Scandinavian World Cruises (Bahamas), Ltd. v. Cronin, 509 So.2d 1277, 1279-80 (Fla. 3d DCA 1987).
AFFIRMED.
STONE, C.J., and WARNER and GROSS, JJ., concur.