731 So.2d 54 (1999)
Angel H. NIGRO, Appellant,
v.
Hugh BRADY and Marilyn Brady, Appellees.
No. 98-0545.
District Court of Appeal of Florida, Fourth District.
March 24, 1999.
Rehearing Denied May 3, 1999.
James T. Sparkman of Sparkman, Robb, Mason & Ginsburg, Fort Lauderdale, for appellant.
Thomas E. Kingcade of Thomas E. Kingcade, P.A., West Palm Beach, for appellees.
KLEIN, J.
Appellee plaintiffs, after an unsatisfactory verdict, moved for a new trial on the ground that defense counsel improperly badgered witnesses on cross-examination to such an extent, about matters which were not admissible, that the plaintiffs did not receive a fair trial. The trial court granted the motion, and defendant appeals, arguing that plaintiffs, whose objections were sustained, waived the issue by not moving for a mistrial. We conclude that a motion for mistrial was not a prerequisite to moving for a new trial and affirm.
Plaintiff Hugh Brady claimed that he brought his vehicle to a sudden stop because another driver, who was not a party, swerved in front of him. Defendant then rear-ended plaintiff. The jury found the swerving vehicle's driver eighty-five percent *55 at fault, the defendant ten percent at fault and plaintiff five percent at fault.
Plaintiffs' motion for new trial alleged that:
The Defendant's Attorney badgered and refused to stop asking questions that were not admissible to the Plaintiff Hugh Brady to the point that Hugh Brady did not get a fair trial and the questions, the badgering, and the cross-examination resulted in fundamental error.
The trial court granted the motion on the following ground:
This matter came before the Court upon filing by plaintiffs, Hugh Brady and Marilyn Brady. During the course of the captioned trial defense counsel, Michael A. Robb, Esq., completely ignored evidentiary rulings of this Court and persisted in asking questions despite objections to the same questions having previously been sustained. During cross-examination of plaintiff Hugh Brady this misconduct became so egregious that the Court terminated cross-examination.
Plaintiffs made numerous objections to defense counsel's conduct, but they did not move for a mistrial. Both plaintiffs and defendant have assumed that a motion for mistrial is normally necessary, but plaintiff argues that there should be an exception in this case because the error was so egregious as to be fundamental error. Seaboard Air Line R. Co. v. Strickland, 88 So.2d 519 (Fla.1956)(fundamental error can be raised for the first time on appeal). We conclude that there is a distinction between arguing for the first time on appeal that a mistrial should have been granted and raising the issue in the trial court in a motion for new trial. The trial judge in this case had the discretion to grant a new trial, even though there was no motion for mistrial during trial and this was not fundamental error.
It is clear that where a trial court sustains a party's objection, and that party intends to argue on appeal that the court should have granted a mistrial, counsel must move for a mistrial during the trial. Clark v. State, 363 So.2d 331 (Fla.1978). The rationale for the rule is that the party whose objection is sustained cannot object to the trial court's failure to grant a mistrial "for the first time on appeal." Clark at 335. Ed Ricke & Sons, Inc. v. Green By and Through Swan, 468 So.2d 908 (Fla. 1985)(there must be a motion for mistrial in order to preserve the issue for appellate review).
Our research reveals only one case in which it has been held that this preservation rule is applicable to motions for new trial. In State v. Fritz, 652 So.2d 1243, 1244 (Fla. 5th DCA 1995), the trial court granted a new trial based upon improper closing argument by the prosecutor, and the fifth district reversed because, although the defendant had objected, he had not moved for a mistrial. The court stated:
The law is clear that, in order to preserve a claim based on improper prosecutorial conduct, defense counsel must object, and if the objection is sustained he must then request a curative instruction or mistrial; he cannot await the outcome of the trial to seek the relief of a new trial.
The fifth district cited the following cases to support its conclusion in Fritz: Holton v. State, 573 So.2d 284 (Fla.1990); Nixon v. State, 572 So.2d 1336 (Fla.1990); Clark v. State, 363 So.2d 331 (Fla.1978); State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Houston v. State, 394 So.2d 557 (Fla. 3d DCA 1981); Simpson v. State, 418 So.2d 984 (Fla.1982).
None of the cases relied on by the court in Fritz involved the issue of whether a motion for mistrial was necessary in order to move for a new trial. Rather, the issue in those cases was whether a request for a mistrial must be raised in the trial court in *56 order to preserve it for appellate review.[1]
We have concluded that the preservation rule which applies to raising issues on appeal does not apply to motions for new trial. Our reasoning is grounded on the fact that a trial judge generally has broad discretion to set aside a jury verdict and grant a new trial. Cloud v. Fallis, 110 So.2d 669 (Fla.1959).[2] An appellate court does not have that same broad discretion, which is logical, because the trial judge is "in a much better position than an appellate court to pass on the ultimate correctness of the jury's verdict." Castlewood Int'l Corp. v. LaFleur, 322 So.2d 520, 522 (Fla.1975).
In addition, our rules authorize trial courts to grant new trials even in the absence of a motion. See Fla.R.Civ.P. 1.530(d) and Fla.R.Crim.P. 3.580. Applying the preservation rule for appellate review to trial judges when they consider motions for new trials would be inconsistent with both our rules and the broad discretion standard.
Although we have concluded that a motion for mistrial was not required in this case, a motion for mistrial can serve a salutary effect. It would not only emphasize that the movant believes the problem to be serious, but it might also discourage the offending counsel from continuing to engage in the improper behavior, as occurred in this case. We remind the bench and bar that in Ed Ricke & Sons v. Green, 468 So.2d 908 (Fla.1985), the Florida Supreme Court authorized trial judges to reserve ruling on motions for mistrial until after the jury returns its verdict, because the verdict could obviate the need for granting the mistrial. In addition, counsel can wait until the end of the argument to make the motion for mistrial in order to avoid interrupting the continuity of a closing argument. Id. at 911, citing State v. Cumbie, 380 So.2d 1031 (Fla.1980)(in order for a motion for mistrial because of improper argument to be timely it should be made no later than the end of offending counsel's argument).
Proceeding to the merits of the order granting the new trial, our review of the transcript confirms that defense counsel improperly pursued hearsay matters which were inadmissible in evidence particularly with the investigating police officer, even after the trial court sustained objections. During his cross-examination of the plaintiff he also disregarded objections to irrelevant matters which were sustained. The prejudice resulting from this could well have improperly influenced the jury which found the defendant, who rear-ended the plaintiff, only ten percent at fault.
The standard of review for an appellate court reviewing an order granting a new trial based on improper argument is abuse of broad discretion. Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580, 587 (Fla. 2d DCA 1996). We equate the type of conduct which the trial court found defense counsel to have engaged in this case with improper argument. Where the standard of review is abuse of discretion, as it is in this case, the test is whether *57 reasonable persons could differ as to the action taken by the trial court. Baptist Mem'l Hosp., Inc. v. Bell, 384 So.2d 145, 146 (Fla.1980). We find no abuse of discretion here. We therefore affirm and certify conflict with Fritz.
STONE, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] In Goutis v. Express Transport, Inc., 699 So.2d 757, 760 (Fla. 4th DCA 1997), this court quoted from Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580, 587 (Fla. 2d DCA 1996) as follows "If a trial court grants a motion for new trial based on unpreserved error, then such error must be both pervasively prejudicial and fundamental." In both Goutis and Hagan trial judges had granted new trials based on improper comments by counsel, some of which had been objected to, and some of which had not. In each of those cases, the appellate courts analyzed the remarks of counsel and concluded that the remarks which were objected to did not warrant a new trial, and the remarks which were not objected to were waived because they were not preserved. It was the unobjected to remarks which the courts were referring to as "unpreserved error." Hagan, 666 So.2d. at 587; Goutis, 699 So.2d at 760.
[2] There are exceptions to the broad discretion rule where the new trial is granted based on a question of law. State Farm Mut. Auto. Ins. Co. v. Gage, 611 So.2d 39 (Fla. 4th DCA 1992), and cases cited therein.