KELLY, Judge.
 

 The City of Tampa appeals a final judgment entered in favor of Rammo Compa-nioni, Jr., in an action for injuries he sustained when his motorcycle struck the rear of a truck owned by the City. The City challenges the trial court’s denial of its motion for a new trial and its motion for remittitur. The motion for new tidal asserted in part that opposing counsel had engaged in misconduct throughout the trial, the cumulative effect of which was to deprive the City of a fair trial. Although the trial court found that “the cumulative conduct of Plaintiffs counsel was so pervasive and prejudicial that the City of Tampa’s right to a fair trial was impaired,” it denied the City’s motion, reasoning that the City had not moved for a mistrial and the misconduct was not so extreme that “it would undermine the public’s confidence in the judicial system.” This was the wrong standai'd under which to evaluate the City’s motion.
 

 
 *599
 
 The standard articulated by the trial court applies when a party raises an error for the first time in a motion for a new trial, thus requiring the trial court to determine whether the error was fundamental.
 
 See, e.g., Hasegawa v. Anderson,
 
 742 So.2d 504, 506 (Fla. 2d DCA 1999). Here, the trial court did not need to consider the issue of fundamental error because throughout the trial the City objected to opposing counsel’s conduct. The trial court apparently concluded that the City’s objections were not preserved for the purposes of its motion for a new trial because the City had not moved for a mistrial after the trial court sustained its objections. Although a party whose objection is sustained must move for a mistrial in order to preserve the issue for appellate review, a motion for mistrial is not a prerequisite to moving for a new trial.
 
 Robinson v. State,
 
 989 So.2d 747, 750 (Fla. 2d DCA 2008) (stating that the absence of a motion for mistrial did not preclude the trial court from addressing an issue raised in a motion for a new trial);
 
 Nigro v. Brady,
 
 781 So.2d 54, 56 (Fla. 4th DCA 1999) (“[T]he preservation rule which applies to raising issues on appeal does not apply to motions for new trial.”). As explained in
 
 Nigro,
 
 a trial court generally has broad discretion to set aside a jury verdict and grant a new trial.
 
 Id.
 
 When counsel’s misconduct deprives a party of a fair trial and that conduct has been objected to, the trial court may order a new trial even though there was no motion for a mistrial and the error was not fundamental.
 
 Id.
 
 at 55 (“The trial judge ... had the discretion to grant a new trial, even though there was no motion for mistrial during trial and this was not fundamental error.”).
 

 Here, the trial court erroneously concluded that the City had not preserved its objections to opposing counsel’s misconduct. Consequently, it applied the wrong standard when it evaluated the City’s motion for a new trial. Under the correct standard, the trial court would not need to consider whether counsel’s conduct was so egregious that failure to grant a new trial would undermine the public’s confidence in the justice system. Rather, it only needed to consider whether opposing counsel’s misconduct deprived the City of a fair trial. Having found that it did, the trial court should have granted the City’s motion. Accordingly, we reverse and remand for a new trial.
 

 Reversed and remanded.
 

 DAVIS and SILBERMAN,
 
 [1]
 
 JJ., Concur.