POLSTON, J.
This case is before the Court for review of the decision of the Second District Court of Appeal in City of Tampa v. Companioni, 26 So.3d 598 (Fla. 2d DCA 2009), which is in express and direct conflict with the decisions of the Third District Court of Appeal in State v. Benton, 662 So.2d 1364 (Fla. 3d DCA 1995), and Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983), and the Fifth District Court of Appeal in State v. Fritz, 652 So.2d 1243 (Fla. 5th DCA 1995).[1]
The districts conflict over whether a trial court may grant a post-verdict motion for a new trial based on attorney misconduct that occurred during the course of trial, when contemporaneous objections to the misconduct were sustained, but no motion for mistrial was made. As explained below, we hold that when a party objects to instances of attorney misconduct during trial, and the objection is sustained, the party must also timely move for a mistrial in order to preserve the issue for a trial court’s review of a motion for a new trial. Therefore, we quash the decision of the Second District in Companioni.
I. BACKGROUND
Ramiro Companioni sued the City of Tampa (“City”) for injuries he sustained when his motorcycle hit the back of one of the City’s trucks. See Companioni, 26 So.3d at 598. Throughout the trial, the City objected to several instances of misconduct by Companioni’s counsel, and the trial court sustained the objections. Id. at 599. After the jury found in favor of Companioni and the trial court entered final judgment, the City moved for a new trial, alleging in part that “opposing counsel had engaged in misconduct throughout the trial, the cumulative effect of which was to deprive the City of a fair trial.” Id. at 598. The trial court denied the motion, reasoning that although “ ‘the cumulative conduct of Plaintiffs counsel was so pervasive and prejudicial that the City of Tampa’s right to a fair trial was impaired’ ... the City had not moved for a mistrial and the misconduct was not so extreme that ‘it would undermine the public’s confidence in the judicial system.’ ” Id.
The City appealed, raising several issues, and the Second District Court of Appeal reversed. Without reaching the merits of the City’s claims, the Second District held that the trial court erred in reviewing the City’s motion for fundamental error. Specifically, it explained:
[T]he trial court did not need to consider the issue of fundamental error because throughout the trial the City objected to opposing counsel’s conduct. The trial court apparently concluded that the City’s objections were not preserved for the purposes of its motion for a new trial because the City had not moved for a mistrial after the trial court sustained its objections. Athough a party whose objection is sustained must move for a *454 mistrial in order to preserve the issue for appellate review, a motion for mistrial is not a prerequisite to moving for a new trial. As explained in Nigro [v. Brady, 731 So.2d 54, 56 (Fla. 4th DCA 1999) ], a trial court generally has broad discretion to set aside a jury verdict and grant a new trial. When counsel’s misconduct deprives a party of a fair trial and that conduct has been objected to, the trial court may order a new trial even though there was no motion for a mistrial and the error was not fundamental.
Here, the trial court erroneously concluded that the City had not preserved its objections to opposing counsel’s misconduct. Consequently, it applied the wrong standard when it evaluated the City’s motion for a new trial. Under the correct standard, the trial court would not need to consider whether counsel’s conduct was so egregious that failure to grant a new trial would undermine the public’s confidence in the justice system. Rather, it only needed to consider whether opposing counsel’s misconduct deprived the City of a fair trial. Having found that it did, the trial court should have granted the City’s motion. Accordingly, we reverse and remand for a new trial.
Id. at 599 (citations omitted).[2]
In contrast to the Second District in Companioni, the Third and Fifth Districts have held that in order to preserve the issue for a trial court’s review of a motion for new trial, the moving party must first move for a mistrial after his objection is sustained. See, e.g., Benton, 662 So.2d at 1365 (“[D]efendant’s failure to request a curative instruction or a mistrial after the court apparently sustained defendant’s objection precludes awarding a new trial based on that comment.”); Fritz, 652 So.2d at 1244 (“The law is clear that, in order to preserve a claim based on improper prosecutorial conduct, defense counsel must object, and if the objection is sustained he must then request a curative instruction or mistrial; he cannot await the outcome of the trial to seek relief of a new trial.”); Sears, 433 So.2d at 1321 (reversing the trial court’s grant of a new trial and stating that counsel’s remarks were not “so inflammatory as to extinguish the plaintiffs right to a fair trial and to therefore constitute fundamental error [and] so, these remarks cannot be the basis for a new trial, absent, at least ... a timely motion for mistrial”). Accordingly, Benton, Fritz, and Sears cannot be reconciled with Companioni.
As explained below, we agree with the Third District in Benton and Sears and Fifth District in Fritz to the extent they hold that, in order to preserve a sustained objection for the trial court’s consideration of a motion for new trial based on attorney misconduct, the complaining party must timely move for a mistrial.
II. ANALYSIS
This Court has previously held that in order to preserve a sustained objection for appellate review, “[u]nless the improper argument constitutes a fundamental error, a motion for a mistrial must be made ‘at the time the improper comment was made.’ ” Ed Ricke & Sons, Inc. v. Green, 468 So.2d 908, 910 (Fla.1985) (quoting *455 Clark v. State, 363 So.2d 331 (Fla.1978)). Given our opinion in Ed Ricke, which gave the trial judge the ultimate authority to decide at what point a mistrial should be granted, we conclude that the process for preserving the issue for appellate review and preserving the issue for the trial court’s review are the same.
In Ed Ricke, we held that when a party moves for a mistrial after his objection is sustained, the party may couple that motion with a request that the trial court defer ruling on it until after the jury returns its verdict. Id. at 911. Key to our decision was our interest in judicial economy. Specifically, we stated:
The trial court judge may, in his or her sound discretion, determine whether to rule on a motion for a mistrial immediately or reserve ruling until after the jury deliberates. However, this discretion must be exercised in accordance with precepts of judicial economy. When, as here, the prejudicial comments occur during closing argument, it is quite reasonable for a trial judge to reserve ruling until after the jury deliberates in the hope that the jurors can rise above the alleged prejudice and cure the error. If the verdict cures the error, the court will save the expenditure of additional time, money and delay associated with a new trial. On the other hand, if the judge, after the verdict, incorrectly grants the motion for mistrial and orders a new trial, that order is reviewable on appeal. The appellate court could then reverse the order granting the new trial and order the trial court to enter a judgment on the jury verdict.
The power of a trial court judge to reserve ruling on a motion for a mistrial will not only conserve judicial resources but may also operate to prohibit a wrongdoer from profiting from his intentional misconduct.
Id. at 910.
The City argues that Ed Ricke supports its position that a party can move for a new trial without first moving for mistrial. We disagree. Ed Ricke stands for the proposition that a trial judge has a superi- or vantage point from which to decide whether granting a mistrial prior to the jury rendering its verdict preserves judicial economy. It does not in any way imply that the parties’ attorneys have a superior vantage point and can thus utilize the “wait and see” approach. Litigants often engage in improper conduct to prompt a mistrial if they believe their chances of winning are slim. Id. In those cases, judicial economy dictates that if the verdict may cure the objection, then it is in the interest of the court to wait. See id. On the other hand, if the trial is permeated with attorney misconduct, it would not be in the interest of judicial economy to wait and see what a jury decides. Instead, requiring a litigant to move for mistrial following a sustained objection promotes judicial economy in the same way the contemporaneous objection requirement promotes judicial economy. As this Court explained in Murphy, 766 So.2d at 1017 (quoting Castor v. State, 365 So.2d 701, 703 (Fla.1978)),
[t]he requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
The principles behind the contemporaneous objection rule apply equally to our *456 decision regarding mistrial motions today: failure to alert the trial judge that an error may be incurable results in delay and wastes judicial resources, especially if the error complained of occurs early on in the proceedings. In cases such as the instant case where the trial judge sustains an objection, the trial judge is not put on notice that any further action is needed. Without a request for mistrial or a curative instruction, the trial judge presumes that the objecting party has been satisfied and that the error has been cured. See Wilson v. State, 436 So.2d 908 (Fla.1983) (explaining that when a litigant’s objection is sustained and he does not thereafter ask for a curative instruction or move for a mistrial, the objecting party is “held to have been satisfied by the trial court’s ruling”) (citing State v. Cumbie, 380 So.2d 1031 (Fla.1980); Clark, 363 So.2d 331); see also Nixon v. State, 572 So.2d 1336, 1340 (Fla.1990) (“[T]o preserve a claim based on improper comment, counsel has the obligation to object and request a mistrial. If counsel fails to object or if, after having objected, fails to move for a mistrial, his silence will be considered an implied waiver.”). Accordingly, consistent with our opinion in Ed Ricke, we conclude that it is more efficient to alert the trial judge at the earliest point in the proceedings that an error may be incurable. As with the requirement for contemporaneous objection, “[djelay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.” Murphy, 766 So.2d at 1017 (quoting Castor, 365 So.2d at 703).
III. CONCLUSION
We hold that when a party objects to instances of attorney misconduct during trial, and the objection is sustained, the party must also timely move for a mistrial in order to preserve the issue for a trial court’s review of a motion for a new trial. If the issue is not preserved in this manner, then the conduct is subject to fundamental error analysis under this Court’s opinion in Murphy, 766 So.2d at 1027-31 (establishing standard for determining whether relief should be granted in civil cases when the error complained of is not preserved for review).
Accordingly, we quash the decision of the Second District in Companioni, and remand to the Second District for consideration of whether the trial court abused its discretion in denying a new trial based on the analysis set forth in Murphy. After conducting this analysis, if the Second District concludes that the City is not entitled to a new trial, then it should consider any other remaining claims not reached, including the City’s claim that the verdict was excessive.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

. Because the Second District concluded that the trial court should not have conducted a fundamental error analysis, it did not reach whether the trial court abused its discretion under Murphy v. International Robotic Systems, Inc., 766 So.2d 1010, 1027-32 (Fla.2000) (explaining the standard the trial court should apply for reviewing a claim based on unpreserved error and noting that the trial court's ruling will be subject to an abuse of discretion standard on appeal).