ON REMAND FROM THE SUPREME COURT OF FLORIDA
 

 KELLY, Judge.
 

 In
 
 Companioni v. City of Tampa,
 
 51 So.3d 452, 456 (Fla.2010), the supreme court quashed our decision in
 
 City of Tampa v. Companioni,
 
 26 So.3d 598 (Fla. 2d DCA 2009), and held that a party seeking a new trial based on the cumulative misconduct of opposing counsel must not only object to each instance of misconduct, but, if the objection is sustained, must also move for a mistrial in order to preserve the issue for the purposes of a motion for a new trial. Absent preservation in this manner, the conduct is subject to a fundamental error analysis under
 
 Murphy v. International Robotic Systems, Inc.,
 
 766 So.2d 1010 (Fla.2000).
 
 Companioni,
 
 51 So.3d at 456. The supreme court remanded the case to this court “for consideration of whether the trial court abused its discretion in denying a new trial based on the analysis set forth in
 
 Murphy
 
 ” and directed us to consider any remaining issues raised by the City if we concluded that the trial court did not abuse its discretion in denying the City’s motion for a new trial.
 
 Id.
 

 When a party seeks a new trial based on the cumulative misconduct of opposing counsel and the party has not preserved the issue by objecting and moving for a mistrial, that party must demonstrate to the trial court that the conduct being challenged was “improper, harmful, incurable, and so damaged the fairness of the trial that the public’s interest in our system of justice requires a new trial.”
 
 Murphy,
 
 766 So.2d at 1031. This court then reviews the trial court’s grant or denial of the motion under an abuse of discretion standard of review.
 
 Id.; see also Companioni,
 
 51 So.3d at 456.
 

 In the order denying the City’s motion for a new trial, the trial judge stated that there was sufficient misconduct by Mr. Companioni’s counsel to warrant a mistrial; however, because opposing counsel did not contemporaneously move for a mistrial, a fundamental error analysis must be applied. The judge concluded that he could not “say that the conduct of Plaintiffs trial counsel was such that it damaged ‘the fairness of the trial’ to the extent that ‘it would undermine the public’s confidence in the judicial system.’ ” The trial judge also noted that “while the cumulative conduct of Plaintiffs counsel was so pervasive and prejudicial that the City of Tampa’s right to a fair trial was impaired, it did not rise to the level that the public confidence in the judicial system would be undermined since there was adequate evidence to support the verdict.” Absent a finding that the conduct so damaged the fairness of the trial that the public’s interest in the justice system requires a new trial, a party is not entitled to
 
 *587
 
 a new trial under
 
 Murphy. See Murphy,
 
 766 So.2d at 1031. After carefully reviewing the record, we cannot conclude that the trial court abused its discretion when it determined the City had not satisfied that criteria and thus was not entitled to a new trial based on the misconduct of opposing counsel.
 

 We also find no abuse of discretion in the trial court’s other decisions challenged by the City. The City first contends that it is entitled to a new trial because the jury’s verdict was against the manifest weight of the evidence. Specifically, the City argues that the evidence was insufficient to establish that the City was negligent. In a detailed order citing to the pertinent portions of the trial transcript, the trial court found that there was “sufficient — albeit conflicting — evidence presented at trial to support the jury’s finding regarding negligence.” We find no abuse of discretion in the trial court’s assessment of the evidence.
 

 The City also sought remittitur, arguing that the amount of the verdict was excessive. In rejecting this argument, the trial court stated that “[tjestimony at trial indicated that the Plaintiff ... suffered extensive and permanent medical injuries as well as a loss of earning capacity. The Court cannot say that [the] amount of damages awarded by the jury is excessive or outside the range of what is reasonably supported by the evidence at trial.” The trial court again cited to the pertinent portions of the trial record to support its determination. Again, we find no abuse of discretion. The verdict against the City is indeed substantial; however, the record reflects that Mr. Companioni sustained horrific injuries that, as noted by the trial court, are extensive and permanent. We also note that while the City challenges the award as excessive, at trial it offered no suggestion to the jury as to what would be a proper award for injuries it acknowledged were “serious.” In fact, the City recognized that for the remainder of his life, Mr. Companioni “was going to have problems” because of his disability which caused him “discomfort and pain and suffering.” When it went to deliberate, the jury had only the damage figures suggested by Mr. Companioni’s counsel, and given the nature of the injuries Mr. Companioni sustained, it is not surprising the jury picked a figure at the high end of the range counsel suggested.
 

 Accordingly, we affirm the trial court’s order denying the motion for a new trial and for remittitur.
 

 Affirmed.
 

 SILBERMAN, C.J., and DAVIS, J., Concur.