PALMER, J.
Hang Thu Hguyen d/b/a Millenia Day Spa (Millenia) timely appeals the non-final order entered by the trial court granting Jean Wigley’s (Wigley) motion for a new trial.[1] Determining that the trial court erred in concluding that a new trial is warranted, we reverse.
Wigley filed a lawsuit against Millenia, seeking damages for injuries that she sustained while receiving a paraffin wax manicure. The matter proceeded to a trial by jury.
At trial, Wigley called Cheryl Shaw to testify. Mrs. Shaw testified that she, Wig-ley, and Wigley’s granddaughters went to Millenia to receive manicures and pedicures. Shortly after placing her hands inside the wax treatment mitten, Wigley started complaining that her fingers were burning. After repeated calls for help, a Millenia employee took the mittens off Wigley’s hands. Mrs. Shaw testified that, over the course of the next few days, Wig-ley’s fingernails turned black and started “ripping back, and tearing off, and trying to rip off and snap off, and they were like blisters .... ” Wigley claimed that her fingernails remained in this condition for nine months.
Wigley’s counsel introduced into evidence three photographs of Wigley’s fingernails. These photographs allegedly depict Wigley’s injuries at twenty-four hours, at two weeks, and at four weeks after the incident. On cross-examination, Millenia’s counsel questioned Mrs. Shaw about the photographs. The following testimony appears in the record:
Q. So you took all the photographs that your attorney showed you?
A. Yes, sir.
Q. And correct me if I’m wrong, but I believe the last set of the photographs that you took were taken four weeks—
A. No, I have gotten a lot more of the photographs over there.
Q. Okay. So you have a lot of other photographs?
A. Yes.
Q. But the last set of photographs that you were shown by [Wigley’s attorney] was taken four weeks after?
A. Yes, sir.
Q. So that is about a month after this happened?
A. Uh-huh.
Q. And you are saying your mom’s hands or nails were in the condition they were in, I believe it was in this set of photographs ... they were in that condition for nine months?
A. Yes, sir.
During closing, Millenia’s counsel argued the following:
And then you have the photos that Ms. Shaw admitted she took of Ms. Wigley’s fingertips and nails. I believe the first batch was the next day, two weeks later, and the last batch was four weeks later.
[[Image here]]
However, she claimed she had lots of other pictures, and she also claimed that her mother’s nails looked like they did four weeks after this incident for nine months. Oh, she had plenty of those *488 photos. Isn’t it interesting, none of those were produced. Where are they? If she has them, why didn’t we see them? Because those weren’t the condition of her nails nine months later. Otherwise, you would have seen photographs nine months later.
Wigley’s counsel objected, arguing that counsel’s argument was improper. The trial court sustained the objection, ruling that the prejudice outweighed the value of continuing the argument. Wigley’s counsel did not request either a curative statement or a mistrial.
During closing, Millenia’s counsel also argued the following:
Ladies and gentlemen, Ms. Wigley has filed a lawsuit. This is a courtroom, not a lottery. There has to be some reasonable basis between—
Wigley’s counsel immediately objected, arguing that case law indicates that an attor-néy cannot state that a. plaintiff has a lottery mentality. Wigley asked the trial court to issue a curative instruction. The trial court sustained the objection and instructed the jury to disregard the lottery comment. No motion for mistrial was made. The jury returned a verdict in favor of Wigley, attributing 20% fault to Millenia and 80% fault to Wigley.
Wigley timely filed a motion for a new trial, asserting that a new trial was required as a result of Millenia’s improper lottery ticket comment during closing argument. She subsequently supplemented her motion, arguing that a new trial was also required as a result of Millenia’s improper comments about the photographs. The trial court granted Wigley’s motion for a new trial, concluding that counsel’s closing arguments were improper and that the curative instruction was insufficient to outweigh its harmful effect. This appeal timely followed.
Appellate courts review a “trial court’s order granting or denying a motion for a new trial based on objected-to or unobjected-to improper argument for abuse of discretion.” City of Orlando v. Pineiro, 66 So.3d 1064, 1068 (Fla. 5th DCA 2011).
In Companioni v. City of Tampa, 51 So.3d 452 (Fla.2010), our Supreme Court clarified the process by which an objection to attorney misconduct during trial is preserved for review. The Court held the following:
[Wjhen a party objects to instances of attorney misconduct during trial, and the objection is sustained, the party must also timely move for a mistrial in order to preserve the issue for a trial court’s review of a motion for a new trial. If the issue is not preserved in this manner, then the conduct is subject to fundamental error analysis under this Court’s opinion in Murphy v. Int’l Robotic Sys., Inc., 766 So.2d 1010, 1017 (Fla.2000) (establishing the standard for determining whether relief should be granted in civil cases when the error complained of is not preserved for review).
51 So.3d at 456. The instant record reflects that Wigley objected to Millenia’s comments, but she did not request a mistrial. Accordingly, both comments must be reviewed for fundamental error.
Fundamental error will be found if the comments in closing argument are: (1) improper; (2) harmful; (3) incurable; and (4) so damaging to the fairness of trial that public’s interest in system of justice requires a new trial. Companioni, 51 So.3d at 456.
Here, the trial court erred in determining that defense counsel improperly referred to photographs that were outside the record. Mrs. Shaw testified to the *489 existence of “a lot more” photographs than what Wigley introduced into evidence. Wigley never voiced an objection when Mrs. Shaw made her spontaneous statement regarding the extra photographs or when Millenia asked its clarifying questions. Without an objection, Mrs. Shaw’s testimony about the photographs became part of the evidence. See Wal-Mart Stores, Inc. v. Sommers, 717 So.2d 178 (Fla. 4th DCA 1998) (holding that a defense witness’s cross-examination testimony of an incident report that was not in evidence injected the report into the case; therefore, the plaintiffs counsel did not err by commenting on the report during closing argument). Therefore, Millenia’s reference to the photographs during closing was not improper. Johnson v. State, 104 So.3d 1010, 1030 (Fla.2012) (citing Miller v. State, 926 So.2d 1243, 1254-55 (Fla.2006) (holding that an attorney is allowed to argue reasonable inferences from the evidence and to argue credibility of witnesses or any other relevant issue so long as the argument is based on the evidence)).
Next, regarding counsel’s lottery comment, Millenia argues, among other things, that the isolated reference to a lottery was not enough to so damage the fairness of the trial that the public’s interest in our system of justice requires a new trial. We agree.
In Murphy, the Supreme Court did not find fundamental error in defense counsel’s characterization of the plaintiffs case as “cashing in on a lottery ticket”, concluding that “a reasonable jurist could conclude that the improper comment ... was not harmful, incurable, or of a character to so damage the fairness of the trial that the public’s interest in our system of justice requires a new trial.” 766 So.2d at 1032. Similarly, in this case, the lottery comment was not directed to Wigley’s conduct and, accordingly, was even less objectionable then the comment in Murphy.
Because no fundamental error occurred in this case, the trial court abused its discretion by granting a new trial. Accordingly, we vacate the court’s order and remand with instructions to reinstate the jury verdict.
REVERSED and REMANDED with instructions.
ORFINGER and LAMBERT, JJ., concur.

. This court has jurisdiction. See Fla. R. App. P. 9.130(a)(4); 9.110(a)(3).