# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2050
Lower Tribunal No. 13-740
_____

**Janine Aris and Pierre Aris,**
Appellants,

vs.

**Seville C. Applebaum,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Jontiff & Jontiff, Scott J. Jontiff and Jeannie M. Jontiff; Daniel M. Samson, for appellants.

Cole Scott & Kissane and Kathryn L. Ender, for appellee.

Before WELLS, ROTHENBERG and EMAS, JJ.

EMAS, J.

We affirm the final judgment below and the trial court's order denying Appellants' post-trial motion for new trial. The error complained of in this case was not properly preserved. Appellants objected to a clearly improper question posed at trial by Appellee's counsel. The objection was sustained and, upon Appellants' request, the question was stricken from the record and the jury was instructed to disregard the question. Appellees did not seek any additional curative instruction and did not move for a mistrial.[1]

Where a contemporaneous objection to attorney misconduct is sustained and a curative instruction is given to the jury, a party who believes the error has not been cured by the court's actions must also contemporaneously move for a mistrial in order to preserve the issue for a trial court's later consideration of a motion for new trial.[2] Companioni v. City of Tampa, 51 So. 3d 452 (Fla. 2010) (approving the decisions in State v. Benton, 662 So. 2d 1364 (Fla. 3d DCA 1995) and State v. Fritz, 652 So. 2d 1243 (Fla. 5th DCA 1995)). See also Aarmada Prot. Sys. 2000,

---

[1]Significantly, later on in the trial, Appellants objected to Appellee's late disclosure of a witness and moved for a mistrial. However, when the court said it would entertain a stipulated mistrial, and pressed the issue by asking Appellants' counsel, "Do you really want a mistrial?", Appellants' counsel declined such an option, advising that Appellants could not go forward with their request for a mistrial and instead wished to continue with the trial notwithstanding the court's decision to permit the late-disclosed witness to testify.

[2] Appellants could have coupled their motion for mistrial with a request that the trial court reserve ruling on the motion for mistrial until after the return of the verdict. Companioni v. City of Tampa, 51 So. 3d 452, 455 (Fla. 2010) (citing Ed Ricke & Sons, Inc. v. Green, 468 So. 2d 908, 911 (Fla. 1985)).

Inc. v. Yandell, 73 So. 3d 893 (Fla. 4th DCA 2011).  In Companioni, 51 So. 3d at 455, the Florida Supreme Court addressed the purpose for requiring a contemporaneous motion for mistrial:

> The City argues that Ed Ricke [& Sons, Inc. v. Green, 468 So. 2d 908 (Fla. 1985)] supports its position that a party can move for a new trial without first moving for mistrial. We disagree. Ed Ricke stands for the proposition that a trial judge has a superior vantage point from which to decide whether granting a mistrial prior to the jury rendering its verdict preserves judicial economy.                  It does not in any way imply that the parties' attorneys have a superior vantage point and can thus utilize the "wait and see" approach. Litigants often engage in improper conduct to prompt a mistrial if they believe their chances of winning are slim. Id.  In those cases, judicial economy dictates that if the verdict may cure the objection, then it is in the interest of the court to wait. See id.  On the other hand, if the trial is permeated with attorney misconduct, it would not be in the interest of judicial economy to wait and see what a jury decides. Instead, requiring a litigant to move for mistrial following a sustained objection promotes judicial economy in the same way the contemporaneous objection requirement promotes judicial economy. As this Court explained in Murphy [v. International Robotic Systems, Inc.], 766 So.2d at 1017 (quoting Castor v. State, 365 So. 2d 701, 703 (Fla.1978)),
>
> > [t]he requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.

The only exception to this preservation requirement is where the error complained of was fundamental.    Ed Ricke, 468 So. 2d at 910.  Upon our review

3

of the record, we conclude that the objected-to question did not constitute fundamental error. Therefore, Appellants' failure to contemporaneously move for a mistrial was fatal, and the trial court properly denied Appellants' post-verdict motion for new trial.

Affirmed.