IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


WALT DISNEY PARKS AND RESORTS U.S.,
INC.,

      Appellants,

 v.                                   Case No.  5D16-3555

TROY DOUGLAS GRIMES AND TRACEY
GRIMES,

      Appellees.

_____/

Opinion filed April 13, 2018

Appeal from the Circuit Court
for Orange County,
Donald A. Myers, Jr., Judge.

Angela C. Flowers, of Kubicki Draper, P.A.,
Ocala, for Appellants.

Mark A. Nation and Paul W. Pritchard, of
The Nation Law Firm, Longwood, for
Appellees.


PER CURIAM.

      Walt Disney Parks and Resorts U.S., Inc. ("Disney") appeals the trial court's order

granting the motion for new trial filed by Troy Douglas Grimes and Tracey Grimes ("the

Grimeses") based upon certain arguments made by Disney's counsel during closing and

not objected to by the Grimeses.  We reverse.

Disney's arguments, while indeed improper, did not rise to the high standard delineated in Murphy v. International Robotic Systems, Inc., 766 So. 2d 1010, 1031 (Fla. 2000). The Florida Supreme Court held in Murphy "that before a complaining party may receive a new trial based on [an] unobjected-to closing argument, the party must establish that the argument being challenged was improper, harmful, incurable, and so damaged the fairness of the trial that the public's interest in our system of justice requires a new trial." Id.; accord Companioni v. City of Tampa, 51 So. 3d 452, 456 (Fla. 2010) (holding that, if a party failed to object to an instance of attorney misconduct during trial, then the conduct is subject to a fundamental error analysis pursuant to Murphy). We hold that the impropriety in Disney's closing arguments could have been cured by a timely objection, after which the trial court could have sustained the objection and issued a curative instruction to the jury. Therefore, the Grimeses failed to establish that "even if the trial court had sustained a timely objection to the improper argument and instructed the jury to disregard the improper argument, such curative measures could not have eliminated the probability that the unobjected-to argument resulted in an improper verdict." Murphy, 766 So. 2d at 1030.

Because the Grimeses did not show that Disney's arguments were incurable, it is not necessary for us to determine whether the public's interest in our judicial system requires a new trial. See Carnival Corp. v. Jimenez, 112 So. 3d 513, 522 (Fla. 2d DCA 2013) ("[I]f the complaining party fails to establish that the argument being challenged is improper, harmful, and incurable, then the analysis does not proceed to the last prong of this four-part test." (emphasis added)). We reverse the order granting a new trial and remand the case for the trial court to reinstate the jury's verdict.

REVERSED and REMANDED.

SAWAYA, BERGER and WALLIS, JJ., concur.