# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0989
Lower Tribunal No. 21-4571
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Victoire Fontus,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Vernis & Bowling of Broward, P.A., and Evan A. Zuckerman (Hollywood), for appellant.

Kanner & Pintaluga, P.A., Blair M. Fazzio, and Jeffrey D. Groover (Boca Raton), for appellee.

Before FERNANDEZ, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Millar Elevator Serv. Co. v. McGowan, 819 So. 2d 145, 153 (Fla. 2d DCA 2002) ("To provide a trial court with the opportunity to correct errors, a timely objection is necessary."); Companioni v. City of Tampa, 51 So. 3d 452, 456 (Fla. 2010) (requiring objecting party to move for a mistrial or request a curative instruction for any objections that are sustained by the trial court); Murphy v. Int'l Robotic Sys., Inc., 766 So. 2d 1010, 1027-30 (Fla. 2000) (if a claim is not properly preserved for review, the issue can only be reviewed for fundamental error, which requires the movant to demonstrate: 1) the challenged argument or comment was improper; 2) the argument or comment was harmful; 3) the argument or comment is incurable; and 4) the argument or comment must be such that it so damaged the fairness of the trial that the public's interest in our system of justice requires a new trial); Carnival Corp. v. Jimenez, 112 So. 3d 513, 522 (Fla. 2d DCA 2013) ("[I]f the complaining party fails to establish that the argument being challenged is improper, harmful, and incurable, then the analysis does not proceed to the last prong of this four-part test."); Kloster Cruise Ltd. v. Grubbs, 762 So. 2d 552, 555 (Fla. 3d DCA 2000) ("[T]he matter is not properly preserved for review because the bare hearsay objection made below did not elucidate the double hearsay[] argument [that the appellant] now offers as a basis to exclude the evidence.").